ATLANTIC CITY, DEFENDANT, v. JACOB W. CRANDOL,
PROSECUTOR.

Argued November 12, 1901—Decided February 24, 1902.

1. Under the charter of Atlantic City (*Pamph. L.* 1866, *p.* 314) the
   council may legally enact a maximum penalty (within the limits
   of the charter) for the violation of municipal ordinances, and
   thus permit the trial court to exercise its discretion in adjusting
   the penalty to the particular case proved.
2. A complaint that the accused obstructed a highway by leaving his
   wagon standing there when not in use, and interfered with public
   travel thereon, charges but a single offence, the obstruction and
   interference being only the effects of the position of the wagon.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the prosecutor, *William I. Garrison.*

For the defendant, *Godfrey & Godfrey.*

The opinion of the court was delivered by

DIXON, J.   On a complaint, under oath, that Jacob W.
Crandol, the prosecutor in the present writ of *certiorari,* ob-
structed South Carolina avenue, one of the public highways
of Atlantic City, by leaving his wagon standing there when
not in use, and impeded and interfered with public travel
thereon, he was apprehended, taken before the city recorder,
tried, found guilty and sentenced to pay a fine of $5.   There-
upon he sued out this writ, and seeks to reverse the conviction,
because (1) the ordinance which he is charged with violating
does not fix a precise penalty, but prescribes a maximum only;
(2) the complaint is twofold, in charging an obstruction of
the street and an interference with public travel; (3) the
conviction is likewise ambiguous, and (4) the evidence does
not warrant a conviction.

The authority of the city council to impose penalties for the violation of its ordinances is found in section 7 of the city charter (*Pamph. L.* 1866, *p.* 314), as follows: "To enforce the observance of all such laws. and ordinances by enacting penalties for the violation thereof by a fine or imprisonment, or both, the fine in no case to exceed two hundred dollars, or the imprisonment thirty days." The procedure to exact the penalty is by complaint before the mayor, recorder or an alderman, a summary trial and sentence.

The question whether, under such authority, a municipal body could legally prescribe a maximum penalty (within the limits of the charter), and leave it to the discretion of the trial court to adjust the penalty to the circumstances of each case, was fully considered by this court in *McConvill* v. *Jersey City,* 10 *Vroom* 38, and was answered in the affirmative. This principle was approved in *Leland* v. *Commissioners,* 13 *Id.* 375, and *Young, &c., Amusement Co.* v. *Atlantic City,* 31 *Id.* 125. The principle thus adopted cannot prevail when the legislature has expressed a purpose inconsistent with it, as if the penalty is to be enforced by an action of debt, which presupposes a sum certain to be due (*State* v. *Zeigler,* 3 *Id.* 262), or if the penalty is to be imposed for revenue, the ascertainment of which is not a judicial function (*Young, &c., Co.* v. *Atlantic City,* 31 *Id.* 125) ; but, with one exception, none of the cases purporting to rest on this latter rule impugns the principle above stated. The exceptional case is *Tomlin* v. *Cape May,* 34 *Id.* 429, in which there was no explicit declaration of the legislature inconsistent with this principle, and yet the decision was based on cases wherein such a declaration was found, and no notice was taken of the cases maintaining the general principle. That case should be overruled on this point, as it was on another point in *Doran* v. *Camden,* 35 *Id.* 666. The doctrine that the trial court should be empowered to exercise discretion in adapting the penalty to the particular offence proved, is so reasonable and so accordant with general practice in the punishment of offenders that it should be upheld whenever the legislature

can be fairly thought to have permitted its application. There is nothing to antagonize it in the charter of Atlantic City.

The present ordinance is in this respect legal.

The complaint, we think, is not twofold. Its averment that the accused obstructed the highway by leaving his wagon standing there when not in use, and interfered with public travel thereon, is but the statement of a single fact and its effects, the fact being the position of the wagon when not in use, and the effects being the obstruction of the highway and the hindrance of public travel. This is the fair meaning of the complaint, and alleges conduct forbidden by the ordinance. Of this single offence the recorder found the accused guilty.

The testimony before the recorder was that the accused had his wagon standing on South Carolina avenue, in front of the depot, waiting for two passengers who were to arrive on a train due in about thirteen minutes; that when notified to move out to another street until the train was due and then return for his passengers, he refused; and that teams were going to and fro all the time and the wagon standing in front of the depot interfered with public travel on the street.

This evidence plainly warranted the conclusion reached by the recorder.

The proceedings under review are affirmed, with costs.