THE TOWNSHIP OF LAKEWOOD, IN THE COUNTY OF OCEAN, v. ROBERT S. HAVENS, PROSECUTOR.

Submitted December 5, 1907—Decided February 24, 1908.

The "Act respecting licenses in cities, townships, incorporated towns, incorporated boroughs" (*Pamph. L.* 1905, *p.* 360), supersedes section 22 of the Township act (*Pamph. L.* 1899, *p.* 380), so far as relates to the licensing of hacks, omnibuses and other vehicles, and the imposition of penalties for failure to take out licenses therefor.

---

On *certiorari.*

Before Justices GARRISON, REED and PARKER.

For the township of Lakewood, *Isaac W. Carmichael.*

For the prosecutor, *R. Ten Broeck Stout.*

The opinion of the court was delivered by

PARKER, J.   The record brought up in this case discloses that the prosecutor was doing business as a hackman in the township of Lakewood; that under and by virtue of sections 22 and 32 of the Township act of 1899 (*Pamph. L., p.* 380), the township committee passed an ordinance, January 19th, 1907, which is now before us, providing for a license fee of fifteen dollars, to be paid for each hack, omnibus, stage or other carriage or vehicle used for the transportation of passengers within the limits of said township; prohibiting the use of any such vehicle unless the license fee therefor had been paid, and providing that in case of violation the justice of the peace, before whom proceedings should be instituted and conviction should be had for such violation, should determine whether the penalty should be by fine or imprisonment, and if by fine, the same should not exceed the sum of one hundred dollars, &c.

There seems to be no doubt that this ordinance was fully authorized by the terms of section 22 of the Township act before cited.  *Atlantic City* v. *Crandol,* 38 *Vroom* 488.  But the prosecutor's claim is that section 22 was repealed, so far as related to the matter of licenses for hacks and public vehicles, by chapter 197 of the laws of 1905, entitled "An Act respecting licenses in cities, townships, incorporated towns, incorporated boroughs" (*Pamph. L., p.* 360), and on examining into the matter we have come to the conclusion that the claim is well founded.  The act of 1905 provides that it shall be lawful for the common council, board of aldermen, township committee or other governing body of any city, township, &c., to make and establish ordinances * * * to license and regulate * * * hacks, cars, omnibuses, stages and all other carriages and vehicles used for the transportation of pas-

sengers, &c.,   *   *   *   and to fix the rates of compensation to be paid therefor, and to prohibit all persons and places and vehicles unlicensed from acting, using or being used in said capacities and for such uses and purposes, and to *fix and prescribe* penalties for the violation of any such ordinance or ordinances. By section 2 all acts or parts of acts inconsistent therewith are repealed.

We are of opinion that the statute of 1905 was intended to substitute the course of action therein prescribed for the proceedings authorized by section 22 of the ordinance so far as related to the licensing of vehicles and other matters mentioned in the later act. We are also of opinion that the authority given to the governing body to "fix and prescribe penalties" for violation of a license ordinance did not authorize such governing body to delegate the fixing of the penalty, even though within certain limits, to the justice of the peace before whom complaint should be made, but that the penalty should be definitely ascertained in the ordinance itself.

It appearing in the record that the prosecutor was convicted under this ordinance and that the penalty for violation thereof was fixed and adjudged by the justice of the peace before whom the complaint was made and trial had, it follows, from the above conclusions, that the conviction must be set aside.