CHARLES ROSENCRANS, TRADING AS AMERICAN BILL
  POSTING COMPANY, PROSECUTOR, v. THE TOWNSHIP
  OF EATONTOWN.

Argued May 9, 1910—Decided July 19, 1910.

1.  Where a prosecutor has a direct interest in setting aside a mu-
    nicipal ordinance, if any of the reasons for so adjudicating are
    valid, and at the same time is a cause for which the court will
    vacate the ordinance *in toto*, the court may adjudge it to be void
    before any action to enforce it has been begun.
2.  That a municipal legislative body, empowered to prescribe a maxi-
    mum penalty or fine for the violation of a by-law within the
    limits set by the enabling enactment, may leave to the magistrate
    the discretion to adjust the punishment, is now beyond dispute,
    unless there appear an inconsistent legislative purpose.
3.  The fact that an ordinance prescribes that both fine and im-
    prisonment may be inflicted, when one or the other only is au-
    thorized by statute, will not render the ordinance wholly void
    in advance of any attempt to enforce it.
4.  An attack upon an ordinance by a prosecutor before conviction
    thereunder, declared nugatory because none of the reasons
    assigned goes to the invalidity of the whole ordinance under all
    conditions.

On *certiorari*.

This is a writ of *certiorari* removing an ordinance of the
township of Eatontown, of which the following is a copy:

## An Ordinance.

An ordinance to provide for the licensing and regulation of
billposting and advertising in the township of Eatontown, in
the county of Monmouth.

1.  Be it ordained by the township of Eatontown, in the
county of Monmouth, that it shall be unlawful to place, fix or
erect any advertisements, bill-boards, sign-boards, or posters
on any tree, post, telegraph pole or trolley pole in any street,
road or highway, in this township, provided that this ordi-
nance shall not apply to any notice pertaining to the business

of any telegraph or telephone company, which may be affixed to any post or pole belonging to such companies.

2. That it shall be unlawful for any person or corporation to carry on the business of billposting or to post bills within the limits of the township of Eatontown without first obtaining a license for that purpose from the clerk of said township, which license said clerk is hereby authorized to issue upon application and payment to him on behalf of said township of one hundred dollars, and the fees for such licenses may be used for revenue.

3. That all persons or corporations violating the provisions of this act shall, upon conviction, before any justice of the peace, be punished by a fine not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding thirty days, and until the costs are paid, or both, and the said justice before whom the proceedings shall be instituted shall determine whether the penalty shall be by fine or by imprisonment, and if by fine, the amount thereof, and if by imprisonment, the term thereof, within the limits above prescribed.

4. This ordinance shall be published in the *Advertiser Times,* once a week for four weeks consecutively.

5. This ordinance shall go into effect upon the first day of August, nineteen hundred and nine.

Passed July 28th, 1909.

S. S. STOUT,
D. S. MORRIS,                                             *Chairman.*
     *Township Clerk.*

Depositions have been taken; the case was heard by a single judge by consent, pursuant to the statute.

The prosecutor has what he is pleased to call a "billposting plant," consisting of six large bill-boards of five hundred square feet each, located upon private property, leased by the prosecutor for the purpose, located in said township. His business is carried on by employes who paste the advertisements upon the bill-boards; the work not being done by himself.

At a meeting of the township committee held on February 23d, 1910, a resolution was posted in the following words:

"Moved and seconded that the clerk notify the American Bill Posting Company that a license fee for billposting in the township of Eatontown has not been paid, and that said license is due and must be paid within fifteen days, or penalty according to billposting ordinance be enforced. Carried."

On March 9th, following, a letter was sent to and received by the prosecutor as follows:

"OFFICE OF THE CLERK OF THE TOWNSHIP OF EATONTOWN. D. S. MORRIS, Township Clerk."

"EATONTOWN, N. J., March 9, 1910.

"*American Bill Posting Company, Mr. Charles Rosencrans, Manager, Long Branch, N. J.*:

"DEAR SIR—At a regular meeting of the township committee of Eatontown township, held on the 23d day of February, 1910, resolved, that the clerk notify the American Bill Posting Company that the license fee of one hundred dollars for the privilege of billposting in the township of Eatontown has not been paid for the year ending May 31st, 1910, and that said license is due and must be paid within fifteen days or penalty according to terms of ordinance be enforced.

"Yours respectfully,

"D. S. MORRIS,
"*Township Clerk.*"

Some of the boards were around trolley poles which were located on the private right of way of a traction company. There was proof, however, that three of the poles to which sign-boards were fastened were within the limits of the highway.

A notice of motion to be made at the hearing was given to the prosecutor to dismiss the writ on the ground that it had been irregularly issued.

Before Justice VOORHEES.

For the prosecutor, *Thomas P. Fay.*

For the defendant, *William L. Edwards.*

VOORHEES, J.   The motion to vacate the writ as improvidently granted is based upon the fact that no proceedings have been actually instituted against the prosecutor under the ordinance, but merely a notice has been given to him from the public authorities calling his attention to the fact that the license fee must be paid.   It is further urged that he was not at the time of the issuance of the writ a resident of the township nor has he since been.

Assuming that it was incumbent upon the prosecutor to show his residence, if that were material, and that such proof is lacking, yet he has shown a property interest in the township which is injuriously affected by the ordinance, as is hereinafter alluded to, and which for the purposes of this case we may conclude will secure to him a *status* to prosecute the writ.

As to the other ground for dismissing the writ, the defendant relies upon *Hamblet* v. *Asbury Park,* 32 *Vroom* 502.   Up to the time of the decision of that case, certain *dicta* had appeared in cases cited in that opinion, intimating that an ordinance passed without power would be set aside at the instance of a person affected, although no attempt had been made to enforce it against him.

Cases so holding are examined in the Hamblet case.   It will be noted that the ordinance under review in that case imposed a license fee upon a variety of vocations.   The prosecutor was engaged in but one, and it was assumed that the license fee imposed against the prosecutor's calling would be unlawful.   But it at once became apparent, upon that assumption, that it would be necessary to conclude in advance that the court in enforcing the penalty would take an illegal view of the law and would enforce the ordinance unlawfully, a presumption not to be indulged in.   Therefore, it was held that

*certiorari* would not lie in advance of judicial action taken under the provisions of a by-law.

The court cited *Pennsylvania Railroad* v. *Jersey City*, 18 *Vroom* 286, as authority for the doctrine thus stated. That was a case in which the railroad sought, before conviction, to set aside an ordinance because it exposed the company to a penalty for obstructing certain streets under certain circumstances.

It was there pointed out that conceding the contention that in one view of the law the ordinance was unreasonable, yet Chief Justice Beasley continued:

"Such a vice   *   *   *   would not render it [the ordinance] generally but only specially inefficacious, that is, the court would not vacate the entire ordinance, but merely refuse to put it in effect in that part of it that was thus unreasonable."

And in such cases it was held that "the remedy is to object to the validity of the ordinance in the penal suits for the obstruction of the streets referred to, and in that mode place before the courts the limited question, whether the ordinance be not a nullity with respect to that particular locality. But the ordinance, in its general effect, is unobjectionable, and therefore cannot be totally set aside."

In the case *sub judice*, however, the ordinance relates to a single business, and has but one object, viz., the licensing of billposting.

The prosecutor is possessed of property in the township adapted for this business only, which will be depleted in value and rendered useless in that locality if the ordinance stands and is enforced. In this regard this case may be distinguished from *Kendall Manufacturing Co.* v. *Jersey City*, 36 *Vroom* 123. I do not understand that *Unger* v. *Fanwood*, 40 *Id.* 548, is to the contrary. That case brought under review an ordinance regulating the speed of automobiles, and until the violator of the ordinance was convicted, he clearly had no right to test its validity, for he was not subject to its ban until there had been a violation of its provisions, but in the case in hand, the prosecutor must stop his business or pay the license fee demanded. If the ordinance is wholly without

warrant of law and illegal, there is no middle ground for the assertion that it may be reasonable under certain circumstances, although unreasonable under certain other circumstances, as appeared by the facts in the case cited as authority for holding that the writ was prematurely allowed.

Therefore, the pith of the principle, as enunciated by Mr. Justice Garrison in the Hamblet case, that "conviction alone can furnish evidence that the ordinance affected the prosecutor," cannot be said to apply in the present instance, a distinction pointed out by the same learned justice in *Central Railroad Co.* v. *Elizabeth*, 41 *Vroom* 578.

It seems to me therefore that the prosecutor has a direct interest in setting aside the ordinance, and if any of the reasons for so adjudicating are valid, and, at the same time, is a cause for which the court will vacate the ordinance *in toto,* the court may adjudge it to be void before any action to enforce it has been begun.

Turning, then, to the reasons and considering those which appear to have substance, we notice first the sixth reason. It is claimed that the ordinance is void for the reason that "it leaves it to the discretion of the justice to impose a penalty to any amount not exceeding $100, or imprisonment in the county jail for a term not to exceed thirty days, or both, because no such authority is given by the statute to the township committee;" and the seventh reason, "because it also leaves it to the discretion of the justice to determine whether the penalty shall be fine or imprisonment, and the amount of such fine, and if by imprisonment, the term thereof, within the limits prescribed, no authority being conferred upon the township committee to fix and prescribe a penalty either by fine or imprisonment."

The legislative warrant for the township committee to pass ordinances is first found in the act of 1899. *Pamph. L., p.* 385.

The power to prescribe penalties for violating any ordinance is found in section 22 of that act (*p.* 380). That section enacts that "the township committee may, by ordinance, prescribe a penalty * * * by fine not exceeding $100, or

by imprisonment * * * not exceeding ninety days and until the costs are paid, or by both fine and imprisonment as hereinafter mentioned. Such ordinance may prescribe the amount of the fine or the term of imprisonment, or it may provide that the justice * * * shall determine whether the penalty shall be by fine or by imprisonment, and if by fine, the amount thereof, and if by imprisonment, the term thereof, within the limits above prescribed, * * * and may further provide that the justice may fix the amount of the fine and commit the defendant * * * to * * * jail until the fine be paid, with costs." It will be noted that the double penalty of fine and imprisonment is not authorized by the act generally, and that in no case can there be both fine and imprisonment.

The justice must adjudge either one or the other of the two, and having so done, he must then fix the amount of the fine or the length of imprisonment, within the maximum limits prescribed by the act. He may likewise adjudge (if the ordinance prescribe it, which the one under review does not), having fined the defendant, that he be committed to jail until the fine be paid. This is the only instance where both fine and imprisonment may be imposed.

By "An act respecting licenses in cities, townships, incorporated towns, incorporated boroughs," approved April 28th, 1905 (*Pamph. L., p.* 360), amended by act of 1908 (*Pamph. L., p.* 588), it was enacted "that it shall be lawful for * * * the township committee * * * of any * * * township * * * to make and establish ordinances, * * * to license and regulate * * * bill posters, * * * and also the place or places or premises in which or at which the different kinds of * * * occupation mentioned herein are to be carried on or conducted, and to fix the rates of compensation to be paid therefor, and to prohibit all persons and places * * * from acting, using or being used * * * for such uses and purposes, and to fix and prescribe penalties either by fine not to exceed $100, or by imprisonment not to exceed ninety days for the violation of any such ordinance, * * * and that fees for such licenses may be imposed for revenue."

In *Lakewood* v. *Havens,* 47 *Vroom* 169, it was held that the act of 1905 supersedes the provisions of the Township act of 1899, where the two acts relate to the same subject-matter.

That a municipal legislative body, empowered to prescribe a maximum penalty or fine within the limits set by the enabling enactment, may leave to the magistrate the discretion to adjust the punishment is now beyond dispute (*Atlantic City* v. *Crandol,* 38 *Vroom* 488, and cases cited), unless there appear an inconsistent legislative purpose, as where the procedure to enforce the penalty must be by action of debt. *Smith* v. *Clinton,* 24 *Id.* 329.

It is true that this court, in *Lakewood* v. *Havens, supra,* held that in the proceedings there under review, the penalty "should be definitely ascertained in the ordinance itself," and in consequence set aside the conviction.

But the report of that case does not disclose what the procedure to enforce the ordinance was, whether by action of debt or by a summary conviction. The law recognizes the two modes of procedure. *Hershoff* v. *Treasurer of Beverly,* 16 *Vroom* 288.

It may be that the Township act of 1899 would rule the procedure in this case, and that then the enforcement would be by action of debt to recover the penalty. The twenty-second section of that act, and the subsequent sections relating to the prosecution and trial, perhaps might be so construed. But we cannot deal with that question now, and we intimate no opinion on it. No suit of any kind has been instituted to enforce the ordinance, and so the question is not before us. The subject is merely alluded to, to show that it may be uncertain what character of action should be instituted upon an ordinance authorized by the act of 1905, *supra,* and, that being so, a discretion might or might not properly reside in the magistrate to adjust the penalty, which uncertainty would prevent the setting aside of the ordinance *in toto* and preclude the present prosecutor from relief.

The fact that an ordinance prescribes that both fine and imprisonment may be inflicted when one or the other only is authorized by statute will not render the ordinance wholly

void in advance of any attempt to enforce it. The provisions are not so inseparably connected that they cannot be torn asunder without total destruction of the by-law. The Court of Errors and Appeals has sanctioned such a construction. *Doran* v. *Camden*, 35 *Vroom* 666, where the cases are collected.

The distinction between fixing a license fee for revenue and a penalty for the violation of an ordinance must be observed. The former must be made certain by the ordinance. *Thurlow Medical Co.* v. *Salem*, 38 *Vroom* 111. The present ordinance fixes the fee; the penalty is not for revenue.

The unreasonableness of an ordinance, which is clearly within the powers of the township committee to pass, must be demonstrated; the presumption is that it is reasonable. *Traction Company* v. *Elizabeth*, 29 *Vroom* 619. This is a question of fact, the burden of proof resting upon the prosecutor. To make it wholly void, it must appear that it will in no instance operate reasonably. *North Jersey Street Railway* v. *Jersey City*, 46 *Id.* 349. Proof in this respect is lacking, and inspection fails to disclose this infirmity. The objection of unreasonableness cannot prevail.

The last reason presented, which it will be necessary to examine, is that the ordinance attempts to control the use of and to regulate business as conducted upon private property, and is therefore not within the police power of the state.

This principle is discussed in *Ocean City Land Co.* v. *Ocean City et al.*, 44 *Vroom* 493; *Breninger* v. *Belvidere*, 15 *Id.* 350; *Bill Posting Co.* v. *Atlantic City*, 42 *Id.* 72; *Passaic* v. *Paterson Bill Posting Co.*, 43 *Id.* 285.

An ordinance, it is true, must relate in some way to public health, safety or morals, if its object is to regulate trades or occupations. *Muhlenbrinck* v. *Commissioners*, 13 *Vroom* 365. But some of the prosecutor's signs are upon the highways. We cannot say in advance that the municipal authorities have not the right to regulate such of them as are so located, and that the ordinance would not be valid as to other persons using public places for their signs. So, again, the attack in this respect is not effectual to avoid the whole ordinance.

Assuming, therefore, that the prosecutor has a standing before conviction to attack the by-law, such attack must be deemed nugatory, in view of the fact that none of the reasons assigned goes to the invalidity of the whole ordinance under all conditions.

The writ will be dismissed, with costs.