ATLANTIC CITY v. ALBERT LARCOMB.

Argued February 23, 1911—Decided June 7, 1911.

Chapter 285 of the laws of 1908 (*Pamph. L., p.* 588), entitled "An act to amend an act entitled 'An act respecting licenses in cities, townships, incorporated towns, incorporated boroughs, &c.,'" approved April 28th, 1905, repeals the charter of Atlantic City in so far as the same provides for the licensing of cars.

On *certiorari* to remove conviction under ordinance of Atlantic City.

Before Justices SWAYZE, BERGEN and MINTURN.

For the prosecutor, *Thompson & Cole.*

For the respondent, *Harry Wootton.*

The opinion of the court was delivered by

MINTURN, J.   The prosecutor, a conductor in the employ of the Atlantic and Suburban Railway Company, was convicted before the recorder of Atlantic City of violating a city ordinance entitled "An ordinance governing, regulating and fixing fees of mercantile licenses," &c., approved May 24th, 1910.

Sub-division 27 of section 4 of the charter of Atlantic City (*Pamph. L.* 1902, *p.* 284), empowers the council to pass ordinances generally, and section 16 of the charter prescribes the character and extent of the penalty which may be imposed for a violation thereof.

Various objections are urged by the prosecutor in his reasons for setting aside the conviction, all of which we have considered, but one of which we deem sufficient to enable us to say that the conviction is without legal warrant.   The general subject of licenses, including the licensing of cars, is provided for in chapter 285 of the laws of 1908. *Pamph. L., p.* 588.   This act, entitled "An act to amend an act entitled 'An act respect-

ing licenses in cities, townships, incorporated towns, incorporated boroughs,' " &c., approved April 28th, 1905, manifests in its provisions a legislative intent to deal with the entire subject of licenses in the municipalities referred to, and therefore supersedes prior legislation on the same subject in such municipalities.

Such was the construction given by this court to an act of like general purport (*Pamph. L.* 1905, *p.* 360), in its application to the power contained on the same subject in the General Township act (*Pamph. L.* 1899, *p.* 380), and the earlier act was there held to have been repealed by the later. *Lakewood* v. *Havens,* 47 *Vroom* 169.

We think, therefore, that the effect of the passage of the act of 1908 was to work a repeal of the provisions of the charter of the city of Atlantic City dealing with the same general subject-matter, and that, therefore, this conviction must be set aside.