FELICE SICILIANO, PROSECUTOR, v. THE TOWNSHIP OF NEPTUNE, IN THE COUNTY OF MONMOUTH.

Submitted March 21, 1912—Decided July 1, 1912.

A municipal ordinance imposing license fees, which provides for a fee of $100 for express wagons or motor vehicles used in delivering express matter, and which exacts a fee of only $12 for like vehicles used in the business of delivering goods not in the express business, is discriminatory and unreasonable as against a prosecutor who is engaged in the express business.

---

On *certiorari.*

The prosecutor has procured to be allowed two writs of *certiorari*, each removing an ordinance passed by the township committee of the township of Neptune entitled "An ordinance requiring licenses for. delivery automobiles, motor trucks, motor vehicles and express wagons, fixing fees therefor, and penalties for using the same without such licenses, in the township of Neptune, in the county of Monmouth."

The return to one of the writs sets forth the ordinance and the proceedings of the township committee in passing it. The return to the other writ shows a complaint made before a justice of the peace by the license collector of the township, charging the prosecutor with violating the provisions of

the ordinance, by engaging in the business of driving an express wagon and delivering express matter without a license from said express wagon, contrary to section 1, paragraph *b* and section 6 of the ordinance aforesaid. The portions of the ordinance essential to the case read as follows:

"1. No person or persons, corporation or company shall engage in or pursue the business of delivering goods, wares, merchandise or express matter into or within the township of Neptune unless he, they or it shall first obtain a license and pay therefor the fee hereinafter prescribed and provided, to wit:

"(*a*). For each and every automobile, motor truck or motor vehicle used in the business of delivering goods, wares and merchandise not in the express business the sum of twelve dollars.

"(*b*) For each and every express wagon or motor vehicle used in delivering express matter the sum of one hundred dollars. * * *.

"4. The driver of each and every delivery automobile, motor truck, motor vehicle or express wagon for the use or employment of which a license fee is hereinabove prescribed and provided, in the event that no license shall have been obtained therefor by the owner or owners thereof, shall be subject to the provisions of this ordinance and to the penalties for a violation thereof, whether he be the owner thereof or not.

"5. All the above-mentioned license fees are hereby imposed for the purpose of revenue.

"6. Any person who shall violate any section or part of this ordinance shall, on conviction thereof, forfeit and pay to the township of Neptune, in the county of Monmouth, such sum not exceeding one hundred dollars, as may be fixed by the justice of the peace before whom the proceeding for such violation may be instituted, and in default of payment thereof, said justice may commit such person to the county jail until the fine so fixed is paid, with costs, or until otherwise discharged, according to law."

The return further shows a trial of the prosecutor before said justice of the peace, and a judgment finding him guilty of a violation of section 1, paragraph b and section 6 of said ordinance, and adjudging that he forfeit and pay the sum of $50 and costs to the township, and that in default of such payment, he be committed to the county jail until payment be made.

Before Justices BERGEN, VOORHEES and KALISCH.

For the prosecutor, *Patterson & Rhome.*

For the defendant, *Ruliff V. Lawrence.*

The opinion of the court was delivered by

VOORHEES, J. The return to the writ which removes the proceedings of the township committee, relating to the passage of the ordinance, shows no conviction or proceedings to enforce the ordinance against the prosecutor. No irregularities in its passage have been pointed out. Under the authority of *Rosencrans* v. *Eatontown,* 51 *Vroom* 227, the ordinance can be adjudged to be void, before conviction and before action to enforce it has terminated in a judgment, only where it appears that it is void *in toto.* The reasons assigned do not present a case of that breadth. The ordinance must stand as against this writ, which will be dismissed.

The other writ presents a different problem, because the prosecutor has been convicted of a violation of the municipal by-law.

It is urged that the ordinance grossly discriminates between the two license fees, without reason or justification, in that it fixes $12 for a license for "every automobile, motor truck or motor vehicle used in the business of delivering goods, but not in the express business," while for every express wagon or motor vehicle used in delivering express matter a fee of $100 is exacted.

Wagons and motors employed in an express business are

burdened with a high exaction, while the same class of vehicles, when not engaged in the express business, escape with a nominal charge. The name of the business in which they are employed seems to be the test, while the character of the use, namely, transportation and delivery of goods, may be the same.

The legislative warrant for imposing license fees found in chapter 285 of the laws of 1908 (*Comp. Stat., p.* 3501, § 186) does not authorize the arbitrary and oppressive distinctions here made. The law is well settled that unwarranted discrimination in particular cases, or arbitrary charges, cannot be made by ordinances, but that such regulations should be, as far as possible, general and impartial in their operation, and not such as to restrain trade or contravene the common right. *Dill. Mun. Corp.,* § 322 *et seq.; Morgan* v. *Orange,* 21 *Vroom* 389; *Kolb* v. *Boonton,* 35 *Id.* 163; other cases have been collected in 28 *Cyc.* (at *pp.* 370, 750).

We are of opinion that the ordinance is not general, but in imposing a fee of $100 upon the prosecutor, while subjecting others using like vehicles for a similar end to a small fraction of that sum, is discriminatory and unreasonable, as against the prosecutor. This disposition of the case renders it unnecessary to examine the other reasons assigned for reversal.

The conviction of the prosecutor brought under review will be set aside, with costs.