## PARK CITY v. DANIELS.

No. 2753.   Decided August 4, 1915 (149 Pac. 1094).

1. LICENSES—CONSTITUTIONALITY OF ORDINANCE—UNIFORMITY. A city ordinance requiring by subdivision "a" a license fee of one hundred dollars per year, payable in advance, to peddle or take orders for any fresh meat or any goods, wares, or merchandise of a general character, or for teas, coffees, spices, extracts, clothing, dresses, knit goods, or underwear, by subdivision "b" a fee of seven dollars and fifty cents per quarter for peddling or taking orders for any or all kinds of fruit, vegetables, farm or dairy products, fish or poultry, and by subdivision "c" a license fee of seven dollars per quarter or three dollars per month for taking orders for any literature, music, or small articles for household use or ornament manufactured by the peddler, is in violation of Comp. Laws 1907, Sec. 206, subd. 87, providing that all license fees and taxes shall be uniform in respect to the class upon which they are imposed, as discriminating against those who may peddle or solicit any of the articles mentioned in subdivision "a" and in favor of those peddling articles mentioned in the other two subdivisions of the ordinance. (Page 559.)

2. LICENSES—CONSTITUTIONALITY OF ORDINANCE—UNIFORMITY. A city ordinance, requiring a license fee for peddling or selling certain provisions, articles of general merchandise, and articles for household use, violates Comp. Laws 1907, Sec. 206, subd. 87,

requiring all such fees to be uniform in respect to the class upon which they are imposed, in discriminating in favor of the local merchants of the city engaged in selling the same articles. (Page 560.)

3. LICENSES—CONSTITUTIONALITY OF ORDINANCE—UNIFORMITY. While city authorities may impose license and occupation taxes, and may make reasonable classifications for such purposes, such fees and taxes must, under the express terms of Comp. Laws 1907, Sec. 206, subd. 87, be uniform in respect to the class upon which they are imposed.[1]   (Page 560.)

4. LICENSES—CONSTITUTIONALITY OF ORDINANCE—UNIFORMITY—UNCERTAINTY OF TERMS. A city ordinance, requiring a one hundred dollar license fee for peddling "wares and merchandise of a general character" and a fee of seven dollars a quarter for peddling "small articles for household use," is discriminatory because of the uncertainty of its terms, since the same articles might be construed to be included within the ordinance by one court or jury and to be excluded by another.   (Page 561.)

Appeal from District Court, Third District; Hon. *F. C. Loofbourow,* Judge.

Clifford Daniels was convicted in the Justice's Court of peddling without a license, contrary to ordinance.

Judgment of conviction entered on appeal to the District Court.   Defendant appeals.

REVERSED and REMANDED, with directions.

*Stockman and Horace H. Smith,* for appellant.

*Evans, Evans and Folland* for respondent.

## APPELLANT'S POINTS.

An ordinance passed under the police power is not subject to the same test of equality or uniformity that is required of a revenue measure.   The ordinance in question cannot be justi-

[1] *Salt Lake City* v. *Christensen Co.,* 34 Utah 38; 95 Pac. 523; 17 L. R. A. (N. S.) 898; *State* v. *Bayer,* 34 Utah 266; 97 Pac. 129; 19 L. R. A. (N. S.) 297; *Salt Lake City* v. *Utah L. & Ry. Co.,* 45 Utah 50; 142 Pac. 1067.

fied as a police regulation and as it makes an arbitrary and illegal distinction between the persons and things to which it relates, it cannot be sustained as a revenue measure. (*State* v. *Bayer,* 34 Utah 257, 97 Pac. 129, 19 L. R. A. N. S. 297; *State ex rel. Mudeking* v. *Parr.,* 123 N. W. 408, 109 Minn. 147; *Jewel Tea Co.* v. *Lee's Summit,* 189 Fed. 280; *State ex rel. Wyatt* v. *Ashbrook,* 154 Mo. 351, 48 L. R. A. 270; *State* v. *Wright,* 53 Ore. 344, 100 Pac. 296, 21 L. R. A. N. S. 349; Gray, Limitations on Taxing Power, 1408, 1438.) Classification for license tax purposes must be based upon some reasonable ground of difference, and the license imposed must operate uniformly upon all who are "engaged in the same business in the same territory and under the same conditions." No reasonable ground of difference exists for imposing a license tax of $100 a year, payable in advance, upon a person selling teas, coffees, spices and extracts, and the imposing of a lesser amount upon other occupations, without reference to any difference in the nature of the business or the character or amount of goods sold. (*Salt Lake City* v. *Utah Light & Ry. Co.,* 45 Utah, 50, 142 Pac. 1067; *State* v. *Wright,* 53 Ore. 344, 100 Pac. 296, 21 L. R. A. (N. S.) 349; *Siciliano* v. *Neptune Township,* 83 Atl. 865, 83 N. J. Law 158; *State ex rel. Mudeking* v. *Parr, supra.*) A license cannot be required to permit a person to carry on a lawful and harmless calling which he has the natural and inalienable right to pursue. (*Mathews* v. *Jensen,* 21 Utah 207, 61 Pac. 303.) A municipality cannot discriminate in favor of local merchants by singling out and arbitrarily taxing the sale of certain articles in a certain manner. (*State* v. *Bayer, supra; Allport* v. *Murphy,* 116 N. W. 1070, 153 Mich. 486; *Hewson* v. *Englewood,* 55 N. J. Law 522, 27 Atl. 904, 21 L. R. A. 736; *State* v. *Wells,* 69 N. H. 424, 48 L. R. A. 99, 45 Atl. 143; *Iowa City* v. *Glassman,* 136 N. W. 901, 155 Iowa 671; *State ex rel. Mudeking* v. *Parr, supra.*) The tax imposed is an interference with and a burden upon interstate commerce. The act of soliciting orders for a nonresident principal is not subject to tax as a local privilege. (*Robbins* v. *Shelby Co. Taxing Dist.,* 120 U. S. 489, 30 L. Ed. 694; *Asher* v. *Texas,* 128 U. S. 129, 32 L. Ed. 368; *McCall* v. *California,* 136 U. S. 104, 38 L. Ed. 391; *Brennan* v. *Titus-*

*ville*, 153 U. S. 289, 38 L. Ed. 719; *Caldwell* v. *North Carolina*, 187 U. S. 622, 47 L. Ed. 336; *Rearick* v. *Pennsylvania*, 203 U. S. 507, 51 L. Ed. 295; *Dozier* v. *Alabama*, 218 U. S. 124, 54 L. Ed. 965; *Crenshaw* v. *Arkansas*, 227 U. S. 389, 57 L. Ed. 565; *Stewart* v. *Michigan*, 232 U. S. 665, 58 L. Ed. 786; *Jewel Tea Co.* v. *Lee's Summit*, 189 Fed. 280; *Grand Union Tea Co.* v. *Evans, et al.*, 216 Fed. 791.)

## RESPONDENT'S POINTS.

In reviewing questions involving the reasonableness of the rate imposed upon a certain occupation or business, the court ought not, merely by making comparisons between the rate charged in the particular case and those fixed for other lines of business, presume that the particular rate is excessive, merely by reason of such comparisons; but the presumption should be, and under the authorities it undoubtedly is, that a license is presumed to be reasonable unless the contrary appears on the face of the ordinance itself, or is established by proper evidence. (*Van Ballen* v. *People*, 40 Mich. 258; *Ogden City* v. *Crossman*, 17 Utah 66; *Southern Car, etc., Co.* v. *State*, 133 Ala. 624; 32 Southern 235; *John Rap & Son* v. *Kiel* (Cal.), 115 Pac. 651; *Kinsley* v. *Chicago*, 124 Ill. 359; 16 N. E. 260; *Burlington* v. *Putnam Ins. Co.*, 31 Iowa 102; *In re Martin*, 62 Kan. 638; 64 Pac. 43; *Mason* v. *Lancaster*, 4 Bush. (Ky.) 406; *Mason* v. *Cumberland*, 92 Md. 451; 48 Atl. 136; *People* v. *Grant*, 157 Mich. 24; 121 N. W. 300; *St. Paul* v. *Colter*, 12 Minn. 41; 90 Am. Dec. 278; *Springfield* v. *Jacobs*, 101 Mo. App. 339; 73 S. W. 1097.)

FRICK, J.

The defendant Daniels, hereinafter called "appellant," in May, 1913, was charged in the justice court of Park City, Summit County, Utah, with having, within the corporate limits of said city, "willfully and unlawfully engaged in the business or occupation of selling, offering for sale, soliciting and taking orders for goods, wares and merchandise, teas, coffees, spices and extracts without first having taken out and obtained

a license,'' contrary to the ordinances of said city. The particular sections of the ordiance relied on were pleaded. The appellant was convicted in the justice court and appealed from that judgment to the District Court of Summit County, where he was again convicted. He appeals to this court under article 8, section 9, of our Constitution, which permits an appeal to this court from judgments rendered in justice courts only when ''the validity or constitutionality of a statute'' is assailed. This court has held, however, that the term ''statute'' includes municipal ordinances. The only question we can consider, therefore, is the validity of the ordinance in question.

One ground upon which the ordinance is assailed is that it is discriminatory; that is, that it does not affect all of the same class alike. The particular part of the ordinance in question reads as follows:

''Licenses to peddle, sell, offer for sale, barter or exchange, to canvass, solicit or take orders for any goods, wares or merchandise, garden, farm or dairy products, fruit, eggs, poultry, fish or game, at retail, may be issued upon payment in advance of the following sums: (a) To peddle, sell, offer for sale, barter or exchange, to canvass or solicit, or to take orders for any fresh meat, or any goods, wares or merchandise, of a general character, or for teas, coffees, spices, extracts, clothing, dresses, knit goods or underwear, either with a team or on foot, one hundred dollars per year. (b) To peddle, sell, offer for sale, barter or exchange, or to canvass, solicit or take orders for any or all kinds of fruit, vegetables, farm or dairy products, fish or poultry, without or with a team or vehicle to deliver the same, seven dollars and fifty cents per quarter. (c) To peddle, sell, offer for sale, barter or exchange, or to canvass, solicit or take orders for any literature, music, small articles for household use or ornament, manufactured in whole or in part by the person so peddling, selling, offering for sale or soliciting or taking orders for such article, seven dollars per quarter or three dollars per month.''

Appellant was convicted of having violated the provisions of the ordinance contained in the subdivision marked ''a.'' There are also taxes imposed on other occupations and busi-

ness as follows: On all stocks of merchandise of $20,000 or over there was a quarterly tax of thirty dollars; on all stocks of merchandise of the value of $5,000 and under $20,000, fifteen dollars; on all stocks of merchandise of the value of $1,000 and less than $5,000, seven dollars and fifty cents; and upon all stocks of merchandise of less than $1,000, four dollars, payable quarterly. There were also license taxes imposed on other occupations, but those are not material here.

It will be observed that subdivision "a," under which appellant was convicted, includes all who sell, offer for sale, or take orders for "fresh meat, or any goods, wares or merchandise of a general character, or for teas, coffees, spices, extracts, clothing, dresses, knit goods or underwear, either with a team or on foot." These are taxed at the rate of one hundred dollars a year payable in advance. It will also be noticed that each and every one of the foregoing articles are not only perfectly harmless, but are such as are used in all households, and therefore cannot require special police protection or regulation. The same may be said with regard to the articles mentioned in subdivisions "b" and "c," with the exception, perhaps, that the articles mentioned in those two subdivisions, or at least some of them, are not in such constant demand or use as are those in subdivision "a." There is, however, no apparent reason why a person should be required to pay one hundred dollars a year in advance for the right to sell or solicit orders for "fresh meat," while he may sell all kinds of fish, poultry, and farm and dairy products for seven dollars and fifty cents a quarter payable quarterly. Again, why should one person be required to pay one hundred dollars a year in advance for selling tea and coffee, while he may sell any one or all of the other things enumerated in subdivision "b" by paying seven dollars and fifty cents four times a year? Is it not manifest that all those who may sell, offer for sale or solicit orders, etc., whether for the articles enumerated in subdivision "a" or any of them or those mentioned in the other subdivisions, are all engaged in the same occupation or calling, namely, selling or soliciting orders for the sale of articles of ordinary merchandise? Is it not equally manifest that a person may, with his team and wagon, sell

and deliver quite as much in any given time of the articles enumerated in subdivision "b" as he can of those mentioned in subdivision "a"? Whether that be so or not, however, are they not all engaged in peddling or in attempting to sell, or in selling or in taking orders for the sale of ordinary articles of merchandise or household goods? Again, is it not patent to all that there is a clear discrimination against those who may solicit or sell any of the articles mentioned in subdivision "a" and in favor of those who may solicit orders for or sell any of the articles enumerated in the other two subdivisions\ of the ordinance in question?

Moreover, does it require any argument to show that the discrimination is also in favor of the local merchants in Park City who thus practically escape from all competition from that source? Further, can it reasonably be contended that the difference in the tax between subdivision "a"   2 and the other two subdivisions, "b" and "c," is a fair ' and reasonable one? Why demand the whole $100 under subdivision "a" in advance, while under the other two subdivisions the tax is made payable quarterly only? Can it be for any other purpose than to prohibit the sale of all the articles mentioned in subdivision "a" and to permit the sale of those mentioned in the other subdivisions? Would not the enforcement of subdivision "a" have that effect? Indeed, could it have any other?

While the city authorities of the cities of this state may impose license or occupation taxes, and for that purpose may make reasonable classifications, yet the   3 statute conferring the power (Comp. Laws 1907, section 206, subd. 87) in express terms also provides the manner of the imposition of such taxes in the following words:

"All such license fees and taxes shall be uniform in respect to the class upon which they are imposed."

The very statute, therefore, which grants the power, also imposes the condition of uniformity. In *Salt Lake City* v. *Christensen Co.*, 34 Utah, 38, 95 Pac. 523, 17 L. R. A. (N. S.) 898, we held that it is proper to classify stocks of merchandise or occupations for the purpose of arriving at uniformity. In *State* v. *Bayer*, 34 Utah, page 266, 97 Pac. 129, 19 L. R. A.

(N. S.) 297, in referring to statutes imposing such taxes, Mr. Justice Straup said:

"It is essential, however, to the constitutionality of such statutes, that the tax apply equally to all persons of a given class and is uniform and equal."

We enforced that rule in *Salt Lake City* v. *Utah L. & Ry. Co.*, 45 Utah 50, 142 Pac. 1067, where we held a certain ordinance invalid because it was discriminatory. The rule adopted by this court is the rule that is generally enforced by the courts of last resort. In 2 McQuillan, Mun. Corps., section 738, the author states the law upon this subject thus:

"The discriminations which are open to objection (lack of uniformity) are those where persons engaged in the same business are subject to different restrictions, or are held entitled to different privileges under the same conditions."

In Gray's Limitations of Taxing Power, section 1441, many concrete instances are given where statutes and ordinances have been held discriminatory and void. The following, among a large number of cases that might be cited, hold that ordinances similar to the one in question here are discriminatory and void: *State* v. *Wright*, 53 Or. 344, 100 Pac. 296, 21 L. R. A. (N. S.) 349; *State* v. *Parr*, 109 Minn. 147, 123 N. W. 408, 134 Am. St. Rep. 759; *Siciliano* v. *Neptune Township*, 83 N. J. Law, 158, 83 Atl. 865. A mere cursory reading of the foregoing cases will show that the discrimination of the ordinance in question is more pronounced than was the case in any of the cases cited.

Again, an examination of the language on subdivision "a," as well as in the other two subdivisions, shows that it is very loose and uncertain. "Wares and merchandise of a general character" may be expanded or restricted almost at pleasure. One court or jury might include, while another might exclude, the same article or any number of articles. Again, what is meant by "small articles for household use" is quite indefinite. The same articles might therefore be included in one case and excluded in another, which, in and of itself, might tend to bring about discrimination and inequality to a certain extent.

The ordinance is also assailed upon the ground that it interferes with interstate commerce. That question is, however, not properly before us in view of the condition of the record, and hence we express no opinion upon it.

For the reasons stated, the judgment is reversed, and the cause is remanded to the District Court of Summit County, with directions to grant a new trial and to dispose of the case in accordance with the views herein expressed; appellant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.