RAYMOND HEETNER, PROSECUTOR, v. CITY OF NEWARK AND FIRST CRIMINAL COURT OF THE CITY OF NEWARK, DEFENDANTS.

Submitted January 26, 1934—Decided June 25, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Brenner & Kresch*.

For the defendants, *Frank A. Boettner* and *Thomas M. Kane*.

PER CURIAM.

This writ brings up for review the conviction of prosecutor for the violation of an ordinance of the city of Newark entitled "An ordinance to license newly established merchants and itinerant vendors and to provide penalties for the violation of the provisions thereof." The ordinance, which purports to put into effect chapter 88 of the laws of 1931, a statute authorizing the control and licensing of itinerant vendors and transient merchants, requires the obtaining of a license not only by itinerants but by "new merchants." A "new merchant" is defined as "a person who engages in business in this municipality by hiring premises for the sale of merchandise and intending to remain longer than one year subsequent to the opening of said premises."

Prosecutor leased premises for a period longer than one year and entered into a men's furnishings business in the leased premises without first obtaining a license. Complaint being made, he was tried before the First Criminal Court of Newark and fined $25.

The power of the municipality to require a license of itinerant vendors and the validity of the ordinance in so far as it requires a license to be obtained by that class is not before us in this proceeding. The question brought up is whether or not the ordinance is effective to require a license to be obtained by one such as the prosecutor, who comes within the definition of a "new merchant" set forth in the ordinance.

Chapter 88 of the laws of 1931 has no application to "new merchants" and the power to impose the requirement of obtaining a license upon the prosecutor must be found in the general power of the municipality granted by the Home Rule act and its amendments.

The Home Rule act authorizes regulation of many kinds of businesses, in fact practically every kind of business that might be transacted within a municipality, but nowhere does it authorize a distinction between newly established businesses and those already in existence. Ordinances of regulation must be general in their application and not discrimi-

natory. *Siciliano* v. *Neptune*, 83 *N. J. L.* 158; 83 *Atl. Rep.* 865. We are of the opinion that the ordinance in question makes an unwarranted discrimination in so far as it applies to those defined as "new merchants," and is to that extent void.

The conviction is reversed, with costs.