CITY OF GULFPORT *v.* SHEPPERD.

[77 South. 193, Division A.]

1. MUNICIPAL CORPORATIONS.  *Police powers.  Sanitation.*

   A city under its police powers as a part of its governmental duties
   has the right to adopt ordinances relating to the cleaning of
   cesspools, the removing of garbage, etc. , It also has the right as
   one of its governmental functions to adopt an ordinance re-
   quiring that this work be done exclusively by any party desig-
   nated to do it by the city.

2. MUNICIPAL CORPORATIONS.  *Police powers.  Sanitation.  Governmen-
   tal functions.*

   The adoption of ordinances regulating the cleaning of cesspools
   and removing garbage, and requiring it to be done only by a
   sanitary contractor chosen by the city, are "governmental func-
   tions" and the city is not liable in damages for injuries caused
   by the negligent performance of such work.

3. MUNICIPAL CORPORATIONS.  *Injuries to persons.  Sanitation.  Neg-
   ligence of employee.*

   Where a sanitary contractor was designated by the city but whose
   work was on behalf of property-owners and paid for by them
   he was not an employee of the city but an independent contrac-
   tor and it was not liable for injuries to pedestrians caused by
   the negligence of his employee in replacing the cover of a cess-
   pool which he had cleaned out.

APPEAL from the circuit court of Harrison county.
HON. J. H. NEVILLE, Judge.

Suit by Mrs. J. H. Shepperd against the City of Gulf-
port. From a judgment for plaintiff, defendant appeals.
The facts are fully stated in the opinion of the court.

*J. L. Heiss,* for appellant.

The position assumed by us in the court below, and the
one we shall assume and present now is that this case
should never have been permitted to go to the jury, be-

cause, admitting the verity of everything testified to on behalf of the appellee, she was not entitled as a matter of law to recover from this appellant. .

All that these facts could show is that the appellant, the city of Gulfport, adopted an ordinance providing for the cleaning of cesspools, etc., and forbidding the. work to be done by any other than the sanitary contractor of the city, or other authorized person, and fixing the price at which this work should be done. That this sanitary contractor was called on complaint of the appellee and per- formed the work for which he was paid by the landlord of the appellee; that in the performance of this work the sanitary contractor negligently failed to properly place the cover on the cesspool, by reason of which the appellee fell therein and was injured.

To maintain her right to action against the city, the appellee must stand upon two propositions of law, (1) that in performing the work complained of, the sanitary contractor was acting as the agent of the appellee and not an independent contractor; (2) that in addition thereto, the work was of such character that the principal of *respondeat superior* applies. We assert that neither of these propositions is true in this case, and it is upon this that we found the various assignments of error.

It is manifest that the entire questions turn around the question of the character of work being performed, and of prime importance is the ordinance under which the work was being done. We submit the following synopsis of the various sections of this ordinance which touch upon this case as follows:

Section 1, places the construction of cesspools under the supervision and approval° of the city health officer.

Section 2, prescribes the size and manner of constructing cesspools.

Section 5, requires the cleaning of all cesspools to be done exclusively by the sanitary contractor of the city or by such person as may be designated and authorized by

the mayor and board of aldermen; and provides a plan for the registering of calls for the sanitary contractor in a book kept for that purpose which is required to be examined daily by the sanitary contractor and sanitary inspector.

Section 6, fixes the charges that shall be paid by the owner or occupant of premises for the cleaning of cesspools, and the time and condition under which they must be cleaned.

Section 9, provides that the sanitary contractor or other authorized person doing the work shall have the right to demand payment for the cleaning at the time the work is done, and, should payment be refused, to clean the cesspool, and make affidavit of the premises being in the unsanitary condition.

Section 26, provides that the sanitary work provided for in the ordinance shall be done under the immediate direction of the city health officer.

Section 29, provides that the board shall, at stated times, receive bids and let out to the lowest and best bidder, for the term of one year, the exclusive privilege of cleaning and disinfecting cesspools, etc., with the right to reject all bids or to do the work by employees of the city.

Section 30, requires that the bids shall provide for the doing of the work at the prices fixed in the ordinance.

Section 35, provides that the sanitary contractor shall enter into bond in the sum of $500.

The first assignment of error is based upon the refusal of the court below to sustain the motion of appellant asking the evidence to be excluded from the jury and a peremptory instruction given, because no liability was shown to lie against the appellant for the following two reasons; (1) that the work complained of was that of an independent contractor and not that of an agent of the city; (2) because the acts of the city under the ordinance in question was in the performance of the governmental function of protecting the public health.

We submit this motion should have been sustained upon the two grounds named, which we desire to present in the order named. (1) The work was that of an independent contractor. McQuillin Municipal Ordinances, section 453; 2 Dillon, Municipal Corporations (5 Ed.), sec. 670, notes; *California Reduction Co.* v. *Sanitary Reductions Works,* 199 U. S. 300.

The case presented upon the authorities and principles laid down is simply this: The municipality has the right to direct how a cesspool shall be cleaned; by whom it shall be cleaned and the price that is to be paid for the cleaning. It therefore follows that the contract for the actual work is made between the owner or occupant of the premises and the man designated to do the work, and no act of negligence on the part of the sanitary contractor can give rise to a cause of action against the municipality.

The second ground upon which we submit that our first assignment of error is well taken, is that in any event, even though it should be considered that the sanitary contractor was at the time acting as an employee of the appellant, the doctrine of *repondeat superior* does not apply because of the class of the work engaged in. McQuillin, Municipal Corporations; sec. 2625; 6 McQuillin, Municipal Corporations, sec. 2630; 6 Thompson on Negligence, secs. 5826, 5786; 4 Dillon, Municipal Corporations, p. 2898, secs. 1656, 1660; Vol. 1, sec. 116, p. 199 and 200; 1 Abbott, Municipal Corporations, sec. 939; 1 Abbott, Municipal Corporations, sec. 967; 28 Cyc. p. 1340; 6 McQuillin, Municipal Corporations, sec. 2695. See full list of authorities cited thereunder, including *Semple* v. *Vicksburg,* 62; Miss. 63; *Missane* v. *City of New York,* 160 N. Y. 123, 54 N. E. 744; *Haley* v. *Boston,* 191 Mass. 291; *Semple* v. *Mayor, etc., of Vicksburg,* 62 Miss. 63; *Alexander* v. *City of Vicksburg,* 10 So. 62; *Long* v. *Mayor, etc., of City of Birmingham,* 49 So. 881.

We therefore most earnestly submit that error was committed in the court below, and that this court should reverse the judgment rendered herein and enter judgment here for the appellant.

*Mize & Mize* and *J. W. Morse, Jr.,* for appellee.

As to the first contention of appellant, that the sanitary contractor was an independent contractor, we think that a reading of the ordinance will set this contention at rest.

In short, he was entirely and absolutely under the direction of the city in the performance of his work, by the provisions of this ordinance, which ordinance, as above stated, compelled all occupants and owners of premises to employ this particular man to do this work. He was, in fact, an officer of the city, charged with certain duties to be done in the manner fixed by the ordinance under the supervision of the city health officer, for which duties he was to collect from the owner or occupant certain fees fixed by the ordinance.

An independent contractor is well defined as one, who, in rendering service, represents the will of the employer only as to results, and not as to the means of doing the work, the test being whether the employer reserved control over him as to the manner of doing the work. *Kipp* v. *Oyster,* 114 S. W. 538, 133 Mo. 711; *Green* v. *Soule,* 78 Pac. 337, 145 Cal. 96; *Moore-Savage Co.* v. *Kopplin,* 135 S. W. 1033.

So we submit that there is no merit in the contention of appellant that the sanitary inspector was an independent contractor. As to appellant's contention that the work was a governmental function for which the city is not liable, we submit the case of *Mary Semple* v. *Vicksburg,* 62 Miss. 63.

In conclusion in favor of our contention, holding that a city is liable for the acts of its workmen in construct-

ing gutters, sewers, etc., where the acts are purely ministerial, involving the exercise of no governmental powers or judicial functions. This is clearly stated in 4 Dillon on Corporations (5 Ed.), sec 1739, et seq.; p. 3047, et seq.; 3 Abbott on Municipal Corporations, sec. 959, p. 2229; *Fernandez* v. *City of Pass Christian,* 100 Miss. 76.

In the case at bar, we submit, a large stretch of the imagination indeed is required to discern a governmental function in the work done by a negro under the direction of a city sanitary inspector in cleaning a cesspool.

As laid down in the authorities *supra,* we submit that the city sanitary inspector in doing this work was simply performing a ministerial duty on behalf of the city in maintaining reasonably safe and sanitary condition of a cesspool in execution of a plan adopted and put into effect under the aforesaid ordinance of said city. Cyc., lays down the same proposition as to the construction, maintenance and repair of sewers, etc., in Vol. 28, 1315, paragraph 3.

Counsel for appellant cites *Haley* v. *Boston,* 191 Mass. 291, which is also found in 5 K. R. A. (N. S.) p. 1005, but our court, in the cases, *supra,* declined to follow that line of decisions, and in that case the court said that liability for negligence in the construction or maintenance of sewerage comes under this doctrine, to wit: the city is liable, and cites. *Manning* v. *Springfield,* 184 Mass. 245, 68 N. E. 202.

The case was submitted to the jury on instruction putting the issue squarely to it, as to whether or not the jury believed it was negligently left open and whether or not plaintiff was injured thereby, and, on this conflict of evidence, the jury found in favor of appellee; and we submit that the peremptory instruction was properly refused and that the case should be affirmed.

Sykes, J., delivered the opinion of the court.

The appellee, Mrs. Shepperd, sued the city of Gulfport in the circuit court for damages for personal injuries sustained by her on account of the negligence of an alleged employee of the city. She recovered a judgment for three hundred and fifty dollars, from which judgment this appeal is prosecuted.

The negligence alleged in the declaration and proven to the satisfaction of the jury consisted in the failure of one Currie to properly fasten the top on a cesspool cleaned out by him on premises rented by the appellee. The night the cesspool was cleaned out, the appellee, in returning to her home, stepped on the top of the cesspool, which gave way or tilted with her because of its being improperly placed thereon, thereby, causing appellee to fall into the cesspool and sustain certain personal injuries. There was ample evidence to sustain the verdict of the jury as to the negligence of the party who did the work. The defense presented to this court, and upon which the appellant city relies, is that it is not liable: First, because Currie, the party who did the work, designated as the city sanitary contractor, was not an employee of the city in the doing of this work, but was an independent contractor, for whose negligence the city is not responsible; second, that even if the said Currie was an employee of the city, the city is not responsible in this case, because the city under its police powers, which it exercises as a part of its sovereignty, was having this work done, and this character of work falls under the govermental powers of the city, and it is not responsible for the negligence of its agents or officers in the performance of any duties which fall under, or belong to, the police power.

At the time of the accident in question the city of Gulfport was operating under the municipal chapter of the Code of 1906. It had duly and legally adopted an ordinance providing for the keeping of the city of Gulfport in proper sanitary condition. Among other sections of this ordinance was a provision providing for the clean-

ing of cesspools outside of the fire limits of the city by the city sanitary contractor, and that the owner or occupant of the premises should pay to this contractor the sum of three dollars for the cleaning of the cesspool. It is also provided that these cesspools shall be inspected at certain times, and that they shall be kept in a sanitary condition. The sanitary contractor, or other person designated by the mayor and board of aldermen, shall demand of the owner or occupant the payment of this fee, and if he refuse to pay the same, affidavit shall be made against him. There is a book kept at the police station in which citizens may register their complaints and requests on the sanitary contractor to do the sanitary work. It is also made the duty of the sanitary officers of the city to examine this book twice a day and look after the complaints and requests. The sanitary work done by the sanitary contractor shall be done under the immediate direction of the city sanitary inspector, who acts under the direction of the city health officer and the ordinances of the city. It is provided that the sanitary inspector shall see that the sanitary work is done in a proper manner, and shall direct the cleaning of those premises which need cleaning. It is further provided that the mayor and board of aldermen once a year shall receive bids and let out to the lowest and best bidder for the term of one year the exclusive privilege of cleaning and disinfecting privies and cesspools on premises in the city outside of the fire district. The prices for doing this work are also fixed by the ordinance. The person to whom the contract for this sanitary work is awarded shall be known as the sanitary contractor, and it is made his duty to inspect the premises of citizens of the city outside of the fire district for the purpose of ascertaining and determining the sanitary condition of the same and to clean all privies and cesspools. This sanitary contractor is required to enter into a bond in the sum of five hundred dollars to be approved by the mayor and board of aldermen conditioned to properly and faith-

fully perform all the duties according to the terms of his contract. In addition to the cleaning of cesspools on private property, he also does certain work for the city in removing garbage and trash from the streets. It is also made unlawful for any other persons than the sanitary contractor to engage in the business of cleaning privies, cesspools, and premises for the public.

Under the above ordinance the contract for the period in question here for doing the sanitary work was let to one Dave Currie. The cesspool was cleaned by a negro hired by Currie to do the work. Currie testified that after the work was done he inspected the same, and it was all right. His testimony, however, was contradicted by that of the plaintiff, and the jury settled the fact adversely to the contention of Currie and decided that the work was improperly or negligently performed.

From an examination of the authorities in this state and elsewhere it is manifest that the city under its police powers, as a part of its governmental duties, had the right to and did adopt the ordinances relating to the cleaning of cesspools, the removing of garbage, trash, etc. It also had the right as one of its governmental functions to adopt the ordinance requiring that this work be done exclusively by any party designated to do it by the city. In the case before us it could only be done by the city sanitary contractor. In the regulation of the public health this ordinance was properly adopted. In the cleaning of cesspools on private property the city received no remuneration for that work whatever. In the protection of its citizens it fixed the price to be paid for this character of work and that the contractor could charge no more. This was an ordinance adopted solely for the benefit of the citizens, for which the city in no way received any remuneration. As was said in the case of *California Reduction Co.* v. *Sanitary Reduction Works,* 199 U. S. 306, 26 Sup. Ct. 100, 50 L. Ed. 204:

"It is the duty, primarily, of a person on whose premises are garbage and refuse material to see to it, by proper diligence, that no nuisance arises therefrom which endangers the public health. The householder may be compelled to submit even to an inspection of his premises, at his own expense, and forbidden to keep them, or allow them to be kept, in such condition as to create disease. He may, therefore, have been required, at his own expense, to make, from time to time, such disposition of obnoxious substances originating on premises occupied by him as would be necessary in order to guard the public health."

In the absence of the above ordinance, it would have been the duty of the owner or occupant of the premises to have cleaned the cesspool and kept it in a sanitary condition. For the benefit of the householders and of the public generally this ordinance was passed not only requiring the cleaning of the cesspool, but fixing the price to be paid to the contractor by the householder for the doing of the work. The fixing of the price was a protection to the householder to prevent the contractor from fixing any arbitrary price he might elect. The adoption of this ordinance and the selection of the sanitary contractor were purely governmental powers exercised by the city under its police powers. McQuillin on Municipal Ordinances, section 453; Dillon on Municipal Corporations (5 Ed.), vol. 2, section 670 The distinction is recognized in the authorities in Mississippi and by all of the leading text-books between the exercise by a municipality of governmental or public functions and private powers; that in the exercise of governmental powers the city is clothed with a sovereignty, and is not responsible in damages therefor, but that is the exercise of private powers the doctrine of *respondeat superior* applies to it as to other masters.

For a discussion of this question, see McQuillin on Municipal Corporations, sections 2625 and 2630; Thompson on Negligence, vol. 6, sections 5826, 5786; Dillon on

Municipal Corporations, vol. 4, sections 1556 and 1660; Abbott on Municipal Corporations, vol. 3, section 939.

There is no contention in this record that the city, in letting the contract to Currie, was negligent in any manner, or that it selected an improper party to do the work. The contention of the appellee is that Currie was an employee of the city, and for that reason that the city is liable. To sustain his contention the able counsel for appellant cites the cases of *Mary Semple* v. *Vicksburg*, 62 Miss. 63, 52 Am. St. Rep. 181, *Pass Christian* v. *Fernandez*, 100 Miss. 76, 56 So. 329, 39 L. R. A. (N. S.) 649, and certain text-books and cases from other states. The cases in Mississippi relied upon by appellant are cases where the work of taking care of streets or removing garbage from streets was being done by an employee under the control and in the pay of the municipality. It was work which primarily rested upon the city to do, and in the actual doing of the work in those cases the employee was not exercising any governmental powers, but was merely performing a ministerial act, in the Semple Case stopping up inlets into a drain of a street, and in the Fernandez Case removing garbage in a city wagon from the street.

In the cleaning of the cesspool of the appellee the remuneration was to go solely to the contractor. The city, further than to see that his work was properly done, in no way attempted to supervise the details of the doing of the work. These details were left altogether to the party doing the work. The ordinance in effect only gives an exclusive privilege or license to the city sanitary contractor to do this character of work for the householders. He must do it in a proper manner as regards especially the general results, viz., it must be done in a sanitary way, but the actual details of how he performs the work are not in any way attempted to be interfered with or supervised by the city. In this case he was an independent contractor doing

the work for the benefit of the owner or occupier of the house under the city ordinance, and the city is not responsible for his negligence.

The judgment of the lower court is reversed and judgment will be entered here in favor of the city.

*Reversed, and judgment here.*