JONES *v.* CITY OF AMORY.

(Division B. Jan. 2, 1939.)

[185 So. 237. No. 33471.]

Geo. T. & Chas. S. Mitchell, of Tupelo, for appellant.

J. O. Prude, Jr., of Amory, and D. W. Houston, Sr. & Jr., of Aberdeen, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant sued appellee for damages for a personal injury received by him, while engaged as a carpenter in repairing the City Hall of Amory, alleged to have been caused by the negligence of the latter. A demurrer to the declaration was sustained, and, appellant declining to plead further, final judgment was entered dismissing the cause.

Amory is a municipality under the laws of the state. The question involved is whether or not in making the repairs, the city was acting in its governmental capacity, or its private capacity. If the former, there was no liability; while if the latter, there was.

The portion of the declaration necessary to have before us in determining the question follows:

"That on or before May 6, 1937, certain repairs on the City Hall building, the property of said city, became necessary or advisable, and the said defendant, for the purpose of making said repairs. employed one W. A. Stockton as supervisor or foreman to supervise the work on said building and to employ the necessary labor to do said work. That in accordance with the authority given him or conferred upon him by said defendant, the said W. A. Stockton, Supervisor or Foreman as aforesaid, employed plaintiff herein, G. B. Jones, to assist in the carpenter work on said building, and it then and there became and was the duty of the said defendant and its said supervisor or foreman to exercise reasonable care and diligence to furnish the said plaintiff a reasonably safe place in which to do his said work; yet the said de-

fendant, not regarding its duty owing to plaintiff in this behalf, did, through its said supervisor or foreman, direct the said plaintiff to engage in such work thereon as required him to stand on a scaffold furnished by said city and theretofore erected by it. That in the progress of said work and while plaintiff was engaged in doing the work assigned to him by said supervisor or foreman, and while he was standing on the scaffold aforesaid, said scaffold, by reason of being insufficiently constructed and defectively attached to the walls of said building, became detached from the walls of said building and fell to the floor. That the construction of said scaffold and the attaching thereof to the walls of said building was negligently, carelessly and defectively done, and, as a proximate result of said negligence, plaintiff was thrown with great force and violence to the floor below. That the defective construction and attachment of said scaffold to the walls of said building was well known to the defendant and its said supervisor or foreman, or by the exercise of reasonable care and diligence could have been known to them, but the same was unknown to the plaintiff at the time he proceeded to stand thereon and was also unknown to him until the falling of said scaffold as aforesaid.

"That as a proximate result of the negligence of said defendant as aforesaid, and as a proximate result of being thrown to the floor as aforesaid, plaintiff suffered serious and permanent bodily injuries, his right leg being broken just above the ankle, which leg is left in a stiffened condition and will remain in such condition the remainder of his life; he sustained severe and serious bodily bruises, cuts and gashes and other injuries as a result of said fall."

Although there appears to be a difference of opinion on this question among the courts of other jurisdictions, there is none under the decisions of our Court. The city, in making the repairs, was acting in its public, and not its

private, capacity. In the establishment and regulation of schools, hospitals, poorhouses, fire department, police departments, jails, workhouses, and the construction of buildings for those purposes, municipalities act in their governmental, and not their private, capacity. Bradley v. City of Jackson, 153 Miss. 136, 119 So. 811; City of Hattiesburg v. Geigor, 118 Miss. 676, 79 So. 846; City of Gulfport v. Shepperd, 116 Miss. 439, 77 So. 193; Alexander v. City of Vicksburg, 68 Miss. 564, 10 So. 62; Sutton and Dudley v. Board of Police of Carroll County, 41 Miss. 236.

Affirmed.