## CITY OF CHEYENNE v. O'CONNELL.

MUNICIPAL CORPORATIONS — OCCUPATION TAX — LICENSES — DRAYS AND OTHER VEHICLES — EVIDENCE — CONVICTION UPON ERRONEOUS CONSTRUCTION OF ORDINANCE — APPEALS FROM POLICE JUSTICE.

1. An occupation tax, and the regulation of the various designated occupations or callings is what is authorized by the provision in the charter of a city empowering it "to levy and collect taxes on auctioneers, contractors, druggists, hawkers, peddlers, bankers, brokers, pawnbrokers, merchants of all kinds, grocers, * * * saloons, liquor sellers, * * * drays, hacks, carriages, omnibuses, carts, wagons, and other vehicles used in the city for pay, lumber dealers, furniture dealers, * * * and regulate the same by ordinance;" the charter elsewhere authorizing direct property taxes.

2. A city ordinance, enacted in pursuance of charter authority to levy occupation taxes, which requires the payment of a license fee at a certain rate per annum or quarter for keeping a wagon for hire, the execution of a bond by the licensee and painting his name and number of his license upon the vehicle used; and which also imposes a penalty upon any person

"who shall hire out, or keep for use for hire, or cause to be kept for hire, or for the use of which compensation is received for the carrying or conveying of any article or thing, without first having obtained a license therefor" when construed in connection with the charter, has for its purpose, and its effect is, the imposition of a license tax upon the occupation of keeping a wagon for the conveyance of any article or thing for hire.

3. The act prohibited by such ordinance is the pursuance of the occupation of keeping such a wagon for hire, and it is immaterial whether the calling has been pursued for one day or less, or during a longer period.

4. The essential ultimate fact which renders one liable to the penalty provided by the ordinance is that he has followed the occupation of keeping a vehicle for the conveying or carrying of an article or thing for hire, or for the use of which compensation is received.

5. The offense, if any, does not consist in particular acts of hauling, or in the fact that the accused has conveyed some article for one person one day and for another on the succeeding or on another day.

6. The acts of hauling or conveying, are material evidence to establish the charge of a violation of the ordinance, but are evidentiary facts only.

7. A single instance of carrying for the public for hire, while not of itself conclusive, may, in connection with other facts, be sufficient to show that one accused of violating the ordinance has pursued the occupation prohibited.

8. Where the finding of a police justice upon the trial of one charged with violating the ordinance was only that the defendant "did keep a vehicle for the use of which in carrying rubbish, within the city of Cheyenne, he has received compensation, without first having obtained a license therefor," and the charge in the complaint was confined to two particular acts of hauling, and the pursuance of an occupation was not alleged. Held, that it is evident that no inquiry was considered necessary, and no determination was made by the magistrate respecting the question whether or not defendant had, without a license, conducted a business which was regulated by the ordinance.

9. The police court having determined the case upon an erroneous construction of the ordinance, an appellate court can not

conclude that defendant would have been adjudged guilty if the ordinance had been properly construed, the testimony not pointing unerringly to his guilt.

10.  An appeal to the district court from a judgment of conviction by a police justice being triable only upon the record made up by the justice, and the district court, if the judgment is reversed, being required to discharge the defendant (R. S., 1887, Sec. 165), the Supreme Court, upon affirmance of the judgment of the district court, can not remand the case for new trial.

[Decided December 12, 1896.  Complaint filed in police court May 7, 1895.]

ERROR to District Court for Laramie County, HON. RICHARD H. SCOTT, Judge.

The material facts are stated in the opinion.

*Edmund J. Churchill,* for plaintiff in error.

The evidence brings the case clearly within the prohibition of the ordinance.  A municipality when authorized by charter may collect a special or license tax upon occupations.  (Dillon Mun. Corp., Sec. 357, 424; Newton v. Atchinson, 31 Kan., 165; Tulloss v. Sedan, id., 285; Tiedeman on Lim. Pol. Power, pp. 281, 282; Cooley on Taxation, 570–582; Cooley Const. Lim., 613, 645; Beach Pub. Corp., Sec. 584; Mobile v. Craft, 10 So., 534; St. Louis v. Wetzel, 31 S. W., 1045; Carson v. City, 94 Ga., 617; Mobile v. Richards, 98 Ala., 594; Oil City v. Trust Co., 11 Pa. Co. Ct., 350; City v. Bissell, 25 Pac., 232; Webber v. Chicago, 148 Ill., 313; Pigeon v. Recorder's C't., 17 Can., 495; Savings Soc. v. Coite, 8 Wall., 606; Mt. Pleasant v. Clutch, 6 Ia., 546; Boston v. Schaffer, 9 Pick, 415; New Orleans v. Turpin, 13 La. Ann., 56; Municipality v. Dubois, 10 id., 56; Slaughter v. Com., 31 Grat., 767; Carrall v. Tuskaloosa, 12 Ala., 173; Wright v. Wright, 1 Dev. and B. Law, 19; Savannah v. Hartridge, 8 Ga., 23; People v. Thurber, 13 Ill., 557; State v. Hayne, 4 S. C., 403; East St. L. Ferry v. Trustees, 102 Ill., 560; Van Hook v. Selma, 70 Ala., 361.)

Constitutional provisions as to equality and uniformity of taxation do not apply to taxation on privileges and occupations. (Desty on Taxation, p. 192, Sec. 36; Newton v. Atchison, 1 Pac., 288; Rohr v. Gray, 30 Atl., 632; Merriam v. New Orleans, 14 L. Ann., 318; Am. Un. Exp. Co. v. St. Joseph, 66 Mo., 675; Comm'rs v. Nelson, 19 Kan., 234; Austin v. Gas Light Co., 69 Tex., 180; Slaughter v. Commonwealth, 13 Grat., 767; Carter v. Dow, 16 Wis., 298; Walker v. Springfield, 94 Ill., 364; Davenport v. R. R. Co., 16 Ia., 348; Hamilton v. Fort Wayne, 40 Ind., 491; Holberg v. Macon, 55 Miss., 112; Cutliff v. Albany, 60 Ga., 597; Dillon Munic. Corp., Sec. 750; Tiedeman, Lim. Police Power, p. 282, citing Municipality v. Dubois, 10 La. Ann., 56; Youngblood v. Sexton, 32 Mich., 406; Gatlin v. Tarboro, 78 N. C., 119; Ex parte Robinson, 12 Nev., 263.)  In the collection of occupation taxes, unless the charter prescribes a way, the city may adopt any mode it may deem best. (Cooley on Tax., 572; License Tax Cases, 5 Wall., 462; Lucas v. Com'rs, 11 Gill. and J., 490; Bank v. State, 42 Tex., 641; Sights v. Yarnalls, 12 Gratt., 292; Haynes v. City, 19 Atl., 176; City v. Bissell, 25 Pac., 232; St. L. v. Weitzel, 31 S. W., 1045; State v. Mc Mahon, 64 N. W., 92; Bancroft v. Dumas, 12 Vt., 456; Alexander v. O'Donnell, 12 Kan., 608.)  The moment a person receives compensation for hauling any article or thing, he encroaches upon the privileges reserved to the licensees of the city, and becomes amenable to the penalty of the ordinance.

If the judgment of the district court be reversed, the order should be that the fine originally imposed again take effect.

POTTER, JUSTICE.

A complaint was filed before H. Glafcke, a police justice of the city of Cheyenne, charging defendant with having kept a certain wagon in said city, for the use of

which by the defendant, on the 25th day of April, 1895, he received compensation, to wit: the sum of one dollar and twenty-five cents for hauling certain rubbish, and on the 26th day of April, 1895, the sum of four dollars for hauling rubbish, without first having obtained a license for said wagon, in violation of Section 1 of Article VII of "An Ordinance Concerning the Issuing of Licenses."

On the trial, it was established by the testimony that one J. N. Rossman had employed the defendant to do certain work for him, which consisted in using a part of a pile of dirt and rubbish in leveling off and grading the alley in the rear of the residence of Rossman, and in hauling the remainder of the dirt away, for which work altogether he paid defendant four dollars; and that one J. K. Jeffrey had employed defendant to haul a load of rubbish from his store building for which he was to pay him one dollar and twenty-five cents. It was admitted on behalf of the defendant that he had no license; that he did keep a wagon, which was used in doing the said work. The defendant was convicted, and he took an appeal to the district court; and the judgment of conviction was in that court reversed. The judgment and order of the district court is charged as error.

Section 1 of the ordinance under which the complaint was filed reads as follows: "If any person or persons shall hire out, or keep for use for hire, or cause to be kept for hire, or for the use of which, whether by themselves or others, compensation is received by such person or persons for the carrying or conveying of any article or, thing whatever within the city of Cheyenne, any dray, cart, wagon, or any vehicle or vehicles of any name or description whatever, without first having obtained a license. therefor, every such person or persons shall, on conviction, forfeit and pay to said city a sum not less than two dollars nor more than ten dollars for each offense." Section 2 provides the amount of the license, which is forty dollars per annum, or ten dollars for each quarter, and also the method of obtaining such license. It is provided that no.

such license shall be issued for a longer period than three months; and that before the issuance of the same the applicant shall furnish a bond with security conditioned for the faithful observance of the municipal ordinances, and the safe conveyance and delivery of all baggage and other property that may be intrusted to him.    Section 3 requires that the name of the licensee and the number of his license shall be plainly painted in a conspicuous place upon the vehicle used by him.

The defendant is not represented by counsel in this court.    The record discloses, however, that the contention on the part of the defendant was that his regular calling or occupation was not that of a person who keeps for use, or hire, vehicles for the use of which he receives compensation, and part of the compensation received by him was for his personal labor not requiring the use of a wagon; and that one or two acts of the kind mentioned in the testimony do not establish the defendant's guilt.

The language of Section 1 of the ordinance is very broad, yet it must be evident that its construction depends largely upon the charter provisions which authorize it. The charter empowers the city council "to levy and collect taxes on auctioneers, contractors, druggists, hawkers, peddlers, bankers, brokers, pawnbrokers, merchants of all kinds, grocers, confectioners, restaurants, butchers, taverns, public boarding-houses, dram shops, saloons, liquor sellers, billiard tables, bowling alleys, and other gaming tables, drays, hacks, carriages, omnibuses, carts, wagons, and other vehicles used in the city for pay, lumber dealers, furniture dealers, saddle or harness dealers, stationers, jewelers, and livery stable keepers, real estate agents, express companies or agencies, telegraph companies or agencies, shows, theaters, and all kinds of exhibitions for pay, and regulate the same by ordinance; provided, however, that all scientific and literary lectures or entertainments shall be exempt from such taxation, as well also as concerts and musical or other entertainments given exclusively by citizens of the city."

The charter elsewhere authorizes direct property taxes, so that all vehicles, the goods of merchants, and property of other dealers mentioned in the above provision, are subject to taxation as property for the ordinary purpose of municipal revenue. It is clear, therefore, that the paragraph quoted above *in extenso*, authorizes what is essentially an occupation tax and a regulation of the various occupations or callings therein designated. The ordinance enacted in pursuance of such authority must receive that construction which will harmonize it with the charter; any other construction would invalidate it. The ordinance in question is thus not to be misunderstood. Its purpose and effect is to regulate and impose a license tax upon a certain occupation; viz., that of keeping a dray or wagon for the conveyance of any article or thing for hire. This is further apparent from the provisions of sections two and three, which require a license fee at a certain rate per annum, or quarter, the execution of a bond, and the painting of the name and number upon the vehicle. That part of the ordinance which seems to punish the keeping of a wagon for the use of which compensation is received in the conveying of any article within the city, which is apparently more particularly relied upon by counsel for the city, and with reference to which the complaint was drawn, can not be broader in its application than the power conferred by the charter, and must therefore be limited like the other language of the section to acts which amount to the pursuance of an occupation. It is suggested by counsel that the original ordinance which provided that " If any person shall hire out or keep for hire for the carrying or conveying of any article or thing whatever, within the city of Cheyenne any dray, cart, wagon, or any vehicle or vehicles," etc., merely punished those who habitually kept a wagon for hire, and was obviously aimed at draymen and hackmen only, but that under the section as amended one instance of hauling for pay is as much a violation of the ordinance as fifty would be. The result of counsel's reasoning may be entirely true, and

32

yet we are unable to attribute to the more comprehensive language of the amended ordinance an application very much broader than under the former provisions, keeping in view the charter authority and the purpose of the ordinance in question.

The question, then, arises upon the facts brought out in the testimony and the findings of the police justice, did the district court err in reversing the judgment? The complaint seems to have been framed upon the theory that the act or acts of hauling therein mentioned constituted alone the offense punishable under the ordinance. Such acts were undoubtedly material evidence to establish the charge of a violation of the ordinance, but they were evidentiary facts only. The offense, if any, did not consist in hauling rubbish for one person one day, and for another on the day succeeding. The essential ultimate fact which renders one liable to the penalty provided by the ordinance is that he has followed the occupation of keeping a vehicle for the conveying or carrying of an article or thing for hire, or for the use of which compensation is received. Whether such calling or avocation has been pursued for one day or less or during a longer period is not material. The only evidence as disclosed by the record which was presented outside of the fact that no license had been issued to defendant, and that he kept a certain wagon, were the two acts of hauling rubbish. Taken alone we would be inclined to consider such evidence insufficient; but from the record it is clearly indicated that the police justice did not pursue the inquiry along the line required by the construction of the ordinance which in our opinion is the only one it can sustain. The written decision or findings of such trial court embraces the following as the only determination of an ultimate fact respecting defendant's guilt. "From the evidence, the court finds that the defendant Ben O'Connell did keep a vehicle for the use of which, in carrying rubbish, within the city of Cheyenne, he has received compensation without first having obtained a license therefor." The complaint and findings together make it rea-

sonably evident that no inquiry was considered necessary and no determination was made respecting the question whether or not defendant had without a license conducted a business which was regulated by the ordinance.

We do not hold that it was necessary to establish the guilt of defendant by proof of continuous acts of carrying for the public, or his employment for such purpose on more than one or any particular number of occasions. A single transaction of that kind in connection with other facts might be sufficient. What we do hold is that the police court having determined the case upon an erroneous construction of the ordinance, an appellate court can not conclude that defendant would have been adjudged guilty of a violation of the ordinance as we have construed its provisions, upon the testimony in the case, such testimony not pointing unerringly to his guilt. To uphold the judgment of conviction notwithstanding the incorrect theory upon which the case was prosecuted and decided would require this court to hold that one act of hauling rubbish for pay, is of itself conclusive evidence of a violation of the ordinance. We do not understand that to be the law. Standford v. State, 16 Tex. App., 331; City of Collinsville v. Cole, 78 Ill., 114; State v. Robinson, 42 Minn., 107; 2 L. R. A., 339.

Section 165, Revised Statutes 1887, provides that in case of an appeal by an accused from the judgment of conviction rendered by a police justice of the city of Cheyenne, no trial de novo shall be had in the district court. The case is tried there upon the record made up by the justice. In case the judgment is reversed by the district court, the defendant is to be discharged, and his sureties upon the bond released. The defendant in this case was so discharged. As the district court therefore upon reversal could not have remanded the case for new trial, we can not do so upon affirmance of its judgment. For the reasons indicated the judgment of the district court is affirmed.

Groesbeck, C. J., and Conaway, J., concur.