MATTHEW DORAN, PLAINTIFF IN ERROR, v. THE CITY
OF CAMDEN, DEFENDANT IN ERROR.

Submitted March 27, 1900—Decided June 18, 1900.

1. The charter of Camden authorizes fines not exceeding $100 for viola-
   tion of city ordinances, and, on default in payment, authorizes im-
   prisonment until fine and costs are paid.   The board of excise
   commissioners of that city is empowered by general law to pass ordi-
   nances and enforce the penalties thereof as other penalties are en-
   forced and collected.   Such board passed an ordinance and prescribed
   as the penalty for its violation a fine of $50, with the provision that
   in default of payment of the fine the offender should be imprisoned
   for three months.   *Held*, that such provision for imprisonment was
   separable, and that its invalidity would not avoid the entire ordinance.
2. The case of *Tomlin* v. *Cape May*, 34 *Vroom* 429, disapproved.

On error to the Supreme Court.

For the plaintiff in error, *Harrison H. Voorhees*.

For the defendant in error, *Edward G. C. Bleakly*.

The opinion of the court was delivered by

COLLINS, J.   This writ of error removes a judgment of
the Supreme Court affirming a conviction, before the recorder
of the city of Camden, of a violation of "An ordinance con-
cerning inns, taverns and saloons and the sale of intoxicating
liquors in the city of Camden," passed April 9th, 1890, by
the board of excise commissioners of that city.   No opinion
was read in the cause, but the points involved were discussed
in the companion case of *Miller* v. *Camden*, 34 *Vroom* 501,
argued at the same term.   In that case the jurisdiction of the
city recorder to hear and determine complaints of the viola-
tions of ordinances of the Camden board of excise commis-
sioners was upheld, and the form and substance of the judg-
ment of conviction were approved.   We concur in the views
there expressed on those subjects.   The sentence was set aside

because it imposed a fine with alternative imprisonment. In the present case a fine only was imposed; hence the discrimination in the judgment.

It is argued for the plaintiff in error that the ordinance on which alone a conviction can rest is itself invalid because *ultra vires.* It defines and declares certain offences and provides in each case that offenders "shall pay a fine of $50 and costs of prosecution, or, in default thereof, be committed to the county jail for a period of three months." It gives cognizance of violations of its provisions to the mayor, recorder or one of the aldermen of the city, and finally ordains that "upon conviction of any person or persons so charged with violating the provisions of this ordinance, the said mayor, recorder or one of the aldermen aforesaid, is hereby authorized and required to impose upon the offender or offenders so convicted the penalty or penalties in this ordinance prescribed, and if any person or persons convicted as aforesaid shall fail to pay the penalty or penalties, together with the costs of prosecution imposed, the said mayor, recorder or one of the aldermen aforesaid before whom the said conviction was had, is hereby authorized and required to commit such offender to the jail of the county of Camden for the period hereinbefore provided therefor."

The Camden board of excise commissioners exists under "An act to establish an excise department in cities of this state," as amended June 1st, 1886. *Gen. Stat., p.* 1806. It has the sole power within that city to pass ordinances and by-laws on the subject of the ordinance now before us, and is authorized "to prescribe and enforce a penalty or penalties, either by fine or imprisonment, for the violation of such ordinances or by-laws, which said penalties shall be enforced and collected by said board of excise commissioners in the same manner as any other penalties are enforced and collected in any such city."

The extent of authority given by the city charter to prescribe penalties for violation of ordinances is imprisonment in the county jail not exceeding ten days or a fine not exceed-

ing $100.   Section 32.   In case an offender is sentenced to pay a fine the magistrate is authorized to commit him to the city or county jail until the fine and costs are paid, or to issue execution against his goods and chattels and, for want thereof, against his body.   Section 44.

A prescription by the board of excise commissioners of a penalty of imprisonment in excess of the charter limitation would be *ultra vires* and void.   The ordinance now in question, however, does not impose imprisonment as a penalty but merely requires that consequence for a failure to pay a fine. The charter authorizes imprisonment until the fine and costs shall be paid.   It may fairly be argued that this ordinance means to limit the imprisonment to three months in any event and that payment of fine and costs before that period will operate to discharge the prisoner; but if it be conceded that the term fixed is absolute, still that *ultra vires* provision would not avoid the entire ordinance, and this we understand to be the view of the Supreme Court as justifying the judgment now under review.   The reason is that the provision for imprisonment, if invalid, is separable from the other parts of the ordinance.   It is settled in this court that separable provisions of a municipal ordinance or by-law may be ignored, if invalid, and the residue stand.   *Staats* v. *Washington,* 16 *Vroom* 318; *affirmed,* 17 *Id.* 209.   Later instances of upholding ordinances, notwithstanding such invalid provisions, are *Haynes* v. *Cape May,* 23 *Id.* 180; *Morgan* v. *Orange,* 21 *Id.* 389; *Kolb* v. *Boonton, ante p.* 163.

The test of inseparability is the same as in a statute, viz., the dependence of the whole legislation upon the invalid provision.   If independent that provision only will fall.   *Rader* v. *Township of Union,* 10 *Vroom* 509; approved in this court, 12 *Id.* 617.   The latest cases on this subject are *Johnson* v. *State,* 30 *Id.* 535; *Iowa Life Insurance Co.* v. *Eastern Mutual Life Insurance Co., ante p.* 340.

It is perfectly clear that the board of excise commissioners would have declared the offences and prescribed the pecuniary penalties they did, although they had known that their require-

ment of three month's imprisonment in default of payment of fine was invalid. The city charter afforded an ample sanction for the ordinance without any such requirement. In *Tomlin* v. *Cape May*, 34 *Vroom* 429, the Supreme Court avoided entirely an ordinance because of a similar exceeding of power, but the point that the invalid provision was separable was not taken in support of the ordinance nor considered by the court. As the charter of Cape May City is like that of Camden (*Pamph. L.* 1875, *p.* 222, § 31), this decision must be disapproved.

The judgment of the Supreme Court in the present case is affirmed.

*For affirmance*—MAGIE (CHANCELLOR), DIXON, LIPPIN-COTT, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 10.

*For reversal*—None.