EDWARD MARCOVITZ, PROSECUTOR, v. CORNELIUS COLLINS, RECORDER OF THE BOROUGH OF RUTHERFORD.

Argued February 20, 1900—Decided June 25, 1900.

1. Ordinance under review declared valid. *Doran* v. *Camden,* 35 *Vroom* 666, followed.
2. Conviction in summary proceedings means the establishment of the fact of guilt. If this is arrived at by proof, the proof must be set out in the conviction. If it is arrived at by a plea, the plea must be set out, and if not challenged as record or as to its legal results, the judgment based upon it is sound.

On *certiorari* to review conviction.

Before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *Addison Ely*.

For the defendant, *John M. Bell*.

PER CURIAM.

The decision of this cause has been held awaiting the disposition by the Court of Errors and Appeals of the case of *Doran* v. *Camden,* 35 *Vroom* 666. At the March Term that court rendered in that cause a decision to the effect that an ordinance like that now under review was not invalidated by a provision that upon the failure of a person convicted under it to pay the fine imposed, the magistrate should commit him to the county jail for ten days. That cause has since the announcement of its determination been followed in the Supreme Court in the case of *Sterling* v. *Camden, ante p.* 190. Following these cases the ordinance before us is declared valid to sustain the judgment imposed.

The point made, that the prosecutor who pleaded guilty to fighting on the street is entitled to have some other record of his conviction beyond the record of the complaint, its being read to him, his plea of guilt and the judicial sentence of a fine based thereon, is without substance. Conviction in these summary proceedings means the establishment of the fact of guilt; if this be arrived at by proof, the proof must be set out in the conviction; if it be arrived at by a plea, the plea must be set out, and if not challenged as record or as to its legal results, the judgment based upon it is sound.

The judgment is affirmed.