THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MEYER KRAUSHAAR, Defendant.

District Court, Second District, Nassau County, May 6, 1949.

*Edward S. Bentley* for the Village of Lawrence, complainant.

*Ferdinand I. Haber* and *Meyer Kraushaar,* in person, for Meyer Kraushaar, defendant.

Brown, J.   Defendant, an eminent and respected member of the Bar, is charged with violation of sections 361.1, 361.2 and 361.3 of article I of chapter 6 of the General Ordinances of the Village of Lawrence, and subdivision (2) of section 312.1 of article 2 of chapter 1 of the said ordinances — parking a motor vehicle in space adjoining the Long Island Railroad Station in the village of Lawrence, in which parking area the owner of the parked vehicle is required by the provisions of said ordinances to have obtained a license to park.

It is undisputed that the owner did not have a license authorizing the parking of the automobile in question.

The facts are not substantially in dispute although defendant seems to take exception to the village's reference to the rule of *People* v. *Rubin* (284 N. Y. 392, owner's responsibility for operation of vehicle).

The record here, however, will show that the defendant waived any question of jurisdiction in the interest of getting a decision respecting the validity of the ordinance.   He admitted personal responsibility for the operation and control of the parked vehicle which was owned by Queens Park Gardens, Inc., of 42 Broadway, New York, N. Y., and the defendant is its president.

The defendant attacks the validity of the above-mentioned ordinance on two grounds: (1) that its provisions are repugnant to and in direct violation of section 54 of the Vehicle and Traffic Law and (2) they are repugnant to and in direct violation of section 11 of article I of the Constitution of the State of New York and the 14th Amendment to the Constitution of the United States as denying to the inhabitants of the State the equal protection of its laws.

Subdivision (2) of section 312.1 as amended by Ordinance No. 118, effective June 9, 1947, reads as follows:

" (z) Parking license for Lawrence Plaza and Inwood Plaza (good for both parking spaces).

" $1.00 per annum for residents or taxpayers of the Village; $1.00 per annum for residents of Inwood or North Lawrence (being the territory bounded on the north by Jamaica Bay, on the east by Jamaica Turnpike, on the south by the Long Island Railroad, and on the west by the New York City line); $10.00 per annum for all others to the extent that capacity of the parking space permits."

That the village has no inherent power but can only exercise such powers and privileges as granted to it by the Legislature is basic.

The authority relied upon by the village to establish parking spaces and grant licenses for the use thereof, and to exact a license fee, is found in subdivision 18-a of section 89 of the Village Law, as amended; also subdivision 31 of section 89 of the Village Law empowering the board of trustees to establish and maintain public parks. (See *Adler* v. *Deegan*, 251 N. Y. 467; *Buffalo, L. & R. Ry. Co.* v. *Hover*, 214 N. Y. 236; *Blank* v. *Browne*, 217 App. Div. 624.)

The Village of Lawrence pursuant to appropriate resolutions and procedure acquired certain property thereafter known as Lawrence Station Park in the year 1929, and the parking area in question is a part thereof. It is defendant's contention that while this property might be used by the village for parks and even parking purposes, the particular area where defendant's vehicle was parked is no longer parking property but part of the village highway system by reason of its changed characteristics and present use, thus being a street, by definition, for purposes contemplated by section 54 of the Vehicle and Traffic Law.

The contention of the village is more tenable. The setting aside part of its park for the parking of automobiles, together with a portion of that area being used for access to its parking space and incidentally to the railroad station, is not, in the opinion of this court, changing its character from parking property to a village street. The village could, with inconvenience to its residents, close off the access to its parking area and require those residents to reach the parking area by a circuitous and impracticable route, an unrealistic procedure.

The analogy by defendant with the rule in *People* v. *County of Westchester* (282 N. Y. 224) is not applicable. The majority opinion in the Westchester case holds that the parkway is essentially a highway although it does connect a system of parks. In the instant case a portion of the park property used for ingress and egress is not in the same sense a " street " or " highway ".

The license fee herein is not a tax. Ten dollars per year is a normal amount for the purpose and should not be considered as a tax.

Section 80 of the General Municipal Law relates to discrimination against nonresidents when carrying on business within the limits of a municipal corporation and is not pertinent to this case.

Defendant further states that the license fee demanded by the village is discriminatory, unreasonable and void by reason of the requirements that residents of the village and residents of Inwood and North Lawrence (two areas outside of the village limits) pay $1 per year for a permit while other nonresidents pay $10 per year for the same privilege.

It would seem to this court that the village may, without doing violence to the constitutional provisions above quoted, impose a license fee of $1 for residents and $10 for nonresidents provided there were no discrimination within a class. Residents are entitled to a preference over nonresidents and such action is not in contravention of the equal rights of the citizens of the several localities.

The rule is uniformly enforced that any discrimination as to persons of a class, in the ordinance imposing the license, will invalidate the legislation and render the collection of the license fee void. (*Jackson* v. *State Board of Tax Comrs.*, 38 F. 2d 652; *Lang's Bakery, Inc.*, v. *City of Lockport*, 251 App. Div. 791).

*Truax* v. *Corrigan* (257 U. S. 312, 336), in speaking of classification in statutes, quotes *Magoun* v. *Illinois Trust & Savings Bank* (170 U. S. 283) to this effect: " The rule [i.e. of the equality clause] is not a substitute for municipal law; it only prescribes that that law have the attribute of equality of operation, and equality of operation does not mean indiscriminate operation on persons merely as such, but on persons according to their relations."

Further in the decision the court quotes *Southern Railway Co.* v. *Greene* (216 U. S. 400) to this effect: " While reasonable classification is permitted, without doing violence to the equal protection of the laws, such classification must be based upon some real and substantial distinction, bearing a reasonable and just relation to the things in respect to which such classification is imposed; and classification cannot be arbitrarily made without any substantial basis ".

Imposing a license tax upon the nonresidents who come onto the waters of a territory to fish, which is not exacted of residents of the territory, is not unconstitutional as depriving them of

equal protection of the law. (*Haavik* v. *Alaska Packers Assn.*, 263 U. S. 510.)

A State can grant to its own citizens the exclusive use of lands covered by water for raising oysters and may prohibit under a penalty their use for such purposes by citizens of other States.

Here the court said the citizens of the particular State were possessed with a combination of citizenship and property rights " They, and they alone, owned the property to be sold or used, and they alone had the power to dispose of it as they saw fit. They owned it, not by virtue of citizenship merely, but of citizenship and domicile united; that is to say, by virtue of a citizenship confined to that particular locality." (*McCready* v. *Virginia*, 94 U. S. 391.)

Since the ordinance in question discriminates within a class of nonresidents of the village, namely in providing for the issuance of permits for $1 per year to the residents of North Lawrence and Inwood, both communities outside of the village, and charges other nonresidents $10 per year, the ordinance is discriminatory, unconstitutional and void.

Accordingly defendant is found not guilty of the violation alleged in the information herein and is hereby discharged.