JAY KELSEY, as EXECUTOR OF THE ESTATE OF JESS SULLIVAN, Deceased,

*Plaintiff and Respondent.*

vs.

FORD S. TAFT, as Inheritance Tax Commissioner of the State of Wyoming,

*Defendant and Appellant.*

(No. 2607; November 17th, 1953; 263 Pac. (2d) 135).

For the defendant and appellant the cause was submitted upon the brief of Howard B. Black, Attorney General, Paul T. Liamos, Jr., Deputy Attorney General, and James L. Hettinger, Assistant Attorney General, all of Cheyenne, Wyoming.

For the plaintiff and respondent the cause was submitted upon the brief of R. B. Bowman and L. A. Bowman, of Bowman & Bowman, Lovell, Wyoming.

## OPINION

PARKER, District Judge.

This cause arises by reason of a difference of opinion between the Inheritance Tax Commissioner and a taxpayer regarding the right of the State of Wyoming, under the authority of Sections 6-2102 and 6-2103, Wyoming Compiled Statutes, 1945, to collect inheritance taxes on property which was transferred by deceased to another person, without adequate consideration and in contemplation of death, within a period of six months prior to his death.

Jay Kelsey, as Executor of the estate of Jess Sullivan, Deceased, appealed from a decision of the Inheritance Tax Commissioner, which held such property to be subject to the Wyoming interitance tax. The facts in the case upon which the District Court rendered Judgment were stipulated by counsel as follows:

"1.   That Jess Sullivan, whose estate is now pending in the District Court of Big Horn County, Wyoming, died on October 17, 1950.

"2.   That said deceased, prior to his death, conveyed two pieces of property which are mentioned in paragraph 4 of Plaintiff's petition, without adequate consideration and in contemplation of death, one deed to D. Jay Kelsey and D. Jay Kelsey, Jr., dated September 24, 1950, recorded in Book 98 at Page 256, Big Horn County, Wyoming—40 acres, on December 18, 1950, and one deed to Pearl Kelsey dated September 24, 1950, recorded in Book 98, Page 254, Big Horn County, Wyoming—634.41 acres, on December 18, 1950.

"3. That the appraised value of said real estate for inheritance tax purposes is the sum of $5,950.00.

"4. That plaintiff has appealed from a decision of the Inheritance Tax Commissioner which included the sum of $5,950.00 as the taxable value of the above mentioned real estate.

"5. It is further stipulated and agreed, that either party may produce such testimony and evidence before the Court as may be desired to supplement the above stipulated facts."

No evidence being presented, the lower court, following the filing of the stipulation of facts and submission of argument by counsel, entered Judgment in favor of the Commissioner, with a finding that the property was subject to a tax in the amount of $600.10, less any discount provided by law. The Executor of the estate thereafter filed a motion asking for a new trial, which motion, upon hearing, was duly granted. At the new trial, the District Court reversed its former ruling and decided against the Inheritance Tax Commissioner, finding specifically that:

" * * * there is no provision in the Statutes of the State of Wyoming, levying Inheritance Tax upon real property conveyed by deed during the life of the Grantor without adequate consideration and in contemplation of death; * * * "

From such ruling the state has here appealed and the question presented to this Court concerns the propriety of an inheritance tax upon real estate conveyed by a deceased person in contemplation of death and without consideration.

The primary requisite which must be met by any complaining litigant, if he is to prevail, is a clear showing to the Court of the basic authority justifying his position and warranting the questioned activities. In the instant case, since taxation is the issue, we must

first inquire regarding the power of a state or an agency thereof to tax. It is elementary that taxation is a legislative function and that taxes may be impressed, levied, assessed and collected only under the statutory authority and in the manner provided by law. The power of the taxing officials exists only by virtue of the statutes empowering them to act and can be exercised only within the express authority conferred. See 51 Am. Jur., "Taxation", Sec. 44, p. 74. Even were this not the general law, the provisions of the Wyoming Constitution, Article 15, Section 13, establishes a rule which is probably controlling and, in any event, provides an essential background for our analysis:

"No tax shall be levied, except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied."

No question was raised by counsel regarding the meaning of the word "levied" as used in the constitutional provision as compared to the words "shall be subject to . . . tax" and "imposed", the terminology employed in the inheritance tax statutes, Chapter 6, Article 21, Wyoming Compiled Statutes, 1945. We presume, however, that the verbs used by the legislature in Chapter 6, Article 21, W.C.S., 1945, authorizing or making the tax effective are substantially synonymous with the word "levied" appearing in the Constitution.

The statutes in issue in this cause, Sections 6-2102 and 6-2103, W.C.S., 1945, must be interpreted in the light of the general law and all constitutional provisions, both of which, as above noted, prohibit taxes not specifically provided by statute. Section 6-2102 is rather prolix and involved, but, as this court has previously pointed out in In Re Young's Estate, 33 Wyo. 317, 321, 239 P. 286, 287, the salient portions thereof are easily isolated:

" 'All property within the jurisdiction of the State of Wyoming . . . which shall pass by will, or by laws regulating intestate succession, . . . shall be subject as to the estatte passing to each of the following beneficiaries, to a tax at the percentage rates fixed by the following table.' "

(The word "following" preceding "beneficiaries" was left out of the present law, but the meaning is the same.)

There are, of course, numerous other provisions in Section 6-2102, but such provisions restrict the meaning of the section rather than expand it. The portions appearing therein, between the first and third semi-colons in the paragraph, seem to relate to exceptions and do not appear to add to the basic idea, i.e.:

"All property . . . which shall pass by will or by the laws regulating intestate succession . . . shall be subject . . . to a tax . . . "

The meaning of the section is clear, and, as the Attorney General has said in his brief, it "attempts to set out what property is subject to taxation and what property is exempt from taxation." Nowhere therein do we find the section saying in direct, forthright language that property passing by deed, grant or gift in contemplation of death and made less than two years prior to death shall be taxed—nor do words of like purport occur in the section.

We next consider Section 6-2103, W.C.S., 1945, which, from its context, must have been meant to explain and supplement the previous section. The question may well be asked: "Is this section closely enough correlated to the one preceding to accomplish the apparent purpose?" The provisions of Section 6-2103, W.C.S., 1945, do not indicate that any actual supplement to the provisions of Section 6-2102, W.C.S., 1945, was effected. The first sentence of Section 6-2103, W.C.S., 1945, deals

with deeds "* * * made in contemplation of the death, * * * " which, as previously pointed out, appeared in Section 6-2102, W.C.S., 1945, *only in the exception thereto*. A consideration of the second sentence of Section 6-2103, W.C.S., 1945, reveals a prohibition against a tax on account of a deed, grant or gift " * * * *made more than two years prior to the death of the grantor or donor, * * * "* but power or authority is not given for the imposition of a tax in a converse situation, and we are unjustified in supplying such omission.

We are fully appreciative of the general law cited by the Attorney General regarding the interpretation of legislative intent. We agree that the literal meaning of any wording of law—be it statute or otherwise—is unjustified, and interpretations should be made in accordance with the drafters' intention, particularly in the case of legislation. However, there is a limitation upon this rule, i.e., before a statute may be interpreted according to the spirit or intention of the legislature, the portion of the statute so interpreted must be *free and clear from ambiguity*. Even if the subject considered in this case had related to matters other than taxation, we doubt if we could unreservedly say that the mentioned sections are free from ambiguity on the point under consideration. Inasmuch as we are dealing with a tax problem, the rule is even more stringent. Compilations of legal precedents are replete with dissertations of courts, specifically and definitely prohibiting the effectuation of any tax measure by any means other than a clear, definite and unambiguous statement of the legislative authority. Many states and federal cases could be cited on the subject but none is more succinct and positive than Gould v. Gould, 245 U.S. 151, 38 Supreme Court 53, in which the Court says:

"In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by

implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government and in favor of the citizen."

To the same effect is State Board of Equalization v. Stanolind Oil & Gas Company, 54 Wyo. 521, 540, 94 Pac. (2d) 147.

Appellee cites certain cases to the effect that the statutes providing for an inheritance tax should be construed even more strictly than those providing for a general tax. It is unnecessary to pass upon that point, inasmuch as the statutes under consideration fail to meet the minimum requirements for effective legislation in any tax matter. Sections 6-2102 and 6-2103, W.C.S., 1945, considered together, fail to say directly and positively that transfers of real property made in contemplation of death and without adequate consideration are taxable. Under the Wyoming constitutional restriction that "No tax shall be levied except in pursuance of law . . . ", we are unwarranted in "levying" or "imposing", by judicial decree, a tax which the legislature mentioned only by indirection.

*Judgment affirmed.*

BLUME, C.J., and RINER, J., concur.